## BRAZORIA INDEPENDENT SCHOOL DIST. v. WEEMS. (No. 8970.)

Court of Civil Appeals of Texas. Galveston. April 14, 1927.

**1. Pleading ⊚⇒210—Special exceptions challenging sufficiency of petition and alleging matter to be res judicata held "speaking demurrers," having effect of general demurrer.**

In proceeding to set aside judgment of state board of education affirming contract between school district and principal of schools, special exceptions to petition challenging its sufficiency and claiming matter to be res judicata *held* "speaking demurrers," having same effect as general demurrers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

**2. Pleading ⊚⇒34(3)—Every reasonable intendment must be indulged in support of petition as against general demurrer.**

As against general demurrer, every reasonable intendment must be indulged in support of petition.

**3. Schools and school districts ⊚⇒47—Decision of state board of education is conclusive on question of fact if supported by any evidence, but is appealable on question of law.**

Decision of state board of education on any matter within its jurisdiction is final and conclusive only on question of fact if supported by any evidence, and may be appealed from on questions of law.

**4. Schools and school districts ⊚⇒47—Decision of state board of education without any support in evidence may be appealed from on such ground.**

Where fact findings of state board of education on which its decision is based are arbitrary and without any evidence to support them, appeal will lie to courts from decision on such ground.

**5. Schools and school districts ⊚⇒141(6)—Petition to set aside judgment of state board of education affirming contract between principal and school district, failing to deny evidential facts in judgment, held not to state cause of action.**

Where judgment of state board of education affirming contract between principal and school district stated facts showing valid legal contract of employment, petition by school district to set aside judgment, alleging only that undisputed facts in case tried before county school board showed no valid contract, and that principal did not accept offer of employment to teach, did not state cause of action.

**6. Schools and school districts ⊚⇒141(6)—Evidence adduced before county board of education is immaterial in determining conclusiveness of judgment of state board of education trying case de novo.**

In determining conclusiveness of judgment of state board of education affirming contract between principal of schools and school district, evidence adduced at trial of case before county board of education is immaterial, since trial before state board is de novo.

**7. Schools and school districts ⊚⇒141(6)—Judgment of state board of education affirming contract of employment of principal held justified under findings of fact.**

Under findings of fact by state board of education, in hearing on dismissal of principal, as to appointment of principal by school district and acceptance of position by principal, authorized judgment by state board affirming contract of employment and reinstating principal.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Suit by the Brazoria Independent School District to set aside a judgment of the state board of education affirming a contract between plaintiff and Mrs. Nettie W. Weems, as principal of the schools of plaintiff district. Judgment for defendant, and plaintiff appeals. Affirmed.

Rucks & Enlow, of Angleton, for appellant. A. E. & Carlos B. Masterson, of Angleton, and W. T. Williams, of Austin, for appellee.

PLEASANTS, C. J. This suit was brought by appellant to set aside the findings and judgment of the state board of education affirming a contract between appellant and appellee for appellee's employment as principal of the schools of appellant district, for two years, beginning on June 1, 1925, at a salary of $135 per month for eight months of each of the two years, and reinstating appellee in the position of principal of the schools, from which she had been removed by the trustees of appellant school district.

The history of the controversy, as disclosed in the findings and judgment sought to be set aside, is set out in plaintiff's petition as follows:

"After duly considering the cause of Mrs. Nettie W. Weems v. Brazoria Independent School District, the board adopted the following statement:

"This controversy had its origin in a complaint against appellee, Mrs. Weems, filed with the trustees of Brazoria independent school district by patrons whose children had not been promoted to the grades which such patrons thought their advancement justified. in which they requested that she be dismissed from the principalship of the schools of that district. That complaint was, on June 5, 1925, set down for hearing on June 13, 1925, and notice thereof was served on appellee, to which she replied in writing denying generally the entire complaint and notifying the school board of her intention to perform the duties of her employment. At its meeting called for the purpose, on June 13th, the school board made and entered an order and judgment dismissing the appellee, from which order she appealed to the county superintendent of public instruction of Brazoria county, who affirmed the action of the school board; appellee seasonably appealed to the county board of education for Brazoria county,

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and upon a hearing on August 19, 1925, that board overruled the decision of the district school board and the county superintendent, and rendered its judgment reinstating appellee in the position as principal of said school, and decided that she had a valid contract with Brazoria independent school district; that there was no evidence justifying her dismissal; and that she was entitled to the sum of $135 per month for each and every month of the scholastic year 1925–26. From that decision of the county board appellant school district appealed to the state superintendent of public instruction, who rendered his judgment on September 22, 1925, affirming the judgment of the county board in finding that appellee had a valid contract and that there was no evidence justifying her dismissal, but found that she had been elected for an 8-month term each year instead of 12-month period each year as was decided by the county board. The case is now before this board on appeal from the judgment of the state superintendent.

"It is conceded by all concerned that on April 6, 1925, the trustees of the Brazoria independent school district made and entered the following order in its minutes: 'A motion was made and carried that Mrs. Nettie W. Weems be appointed principal of B. H. S. for two years. A motion was also made and carried that Mrs. Weems be paid the same salary for 1925–26—one year—that she receives at present, namely, $135 per month.'

"Arch Campbell, a member of the school board, when asked if Mrs. Weems accepted the employment tendered to her as above before the meeting was held at which she was dismissed, said: 'Yes, sir; she accepted the position before that meeting was held.'

"Another trustee, Mrs. Brigance, testified: 'I notice in reporting this Monday night meeting that the minutes say that the president reported that Mrs. Weems had signed her contract.'

"The school district offered in evidence the answer in writing of Mrs. Weems to the complaint filed with the school board before the order of dismissal, in which she said: 'My present view is that I am entitled to fulfill the contract now held by me. Any action seeking to prevent its fulfillment will be carried through legal channels of appeal.'

"An incomplete teacher's contract was offered in evidence by the school district for the limited and only purpose of showing that while Mrs. Weems was elected for two years of 12 months each, as contended by it, acceptance of the employment was for 8 months only, and for that reason she had not accepted in accord with her election. In the absence of this instrument her election and acceptance for 12 months each year is sufficiently shown, but the president and secretary of the school board and Mrs. Weems signed that contract and thereby construed the language, '1925–26—one year,' as used in the minutes, to mean the school year 1925–26, and that the term should be 8 months beginning on September 7, 1925. They knew what was meant by it. It also appears from the records of the office of the state superintendent of public instruction that it has been the custom for many years to elect a teacher for 8 months term in that district and that Mrs. Weems had taught the same school for 8 months the preceding school year. It further appears that it is the universal custom among teachers and school officials to speak of a school term or session as 'year,' and that by such custom the language, 'for 1925–26,' universally means the school term or session of 1925–26, regardless of the number of months. When we say, 'Mrs. Weems taught at Brazoria last year,' we mean the last session or term, which was 8 months. The language, 'as she receives at present,' further indicates the intention as above suggested. There is no law or regulation providing for the execution of written contracts with teachers in independent school districts or requiring written acceptance by them or that their employment shall be subject to approval of the county superintendent or any one else, such district being independent of such supervision, this being the distinction between them and common school districts, but the recitals of the contract show clearly what the parties had in mind. As to appellee, it is an admission against interest.

"It is clear from the foregoing that Mrs. Weems was elected principal of the Brazoria school for two years, beginning on July 1, 1925, and that she legally accepted the principalship under that election. The school board acknowledged the validity of the contract when it passed the order of dismissal. It is also clear that the compensation to be paid her was $135 per month for 8 months, or for the school term, and not for a period of 12 months, as contended by school district.

"From the foregoing findings, we conclude that appellee, Mrs. Weems, was duly elected by the school trustees of Brazoria independent school district as principal of the schools of that district for a period of two years, beginning on July 1, 1925, and ending June 30, 1927; that she accepted under that election, and that her compensation for the first year was fixed at $135 per month, payable monthly, for the customary school term in that school of 8 months. We further conclude that no grounds are shown justifying her dismissal from the position to which she has been elected, and that there was no error in the judgment of the state superintendent of public instruction.

"It is therefore ordered by the state board of education, and so adjudged and decreed, that the appellee, Mrs. Nettie W. Weems, be and she is hereby reinstated in the position as principal of the schools of Brazoria independent school district as of date July 1, 1925, at a salary of $135 per month for the school year beginning September 7, 1925, payable monthly, and said school district and C. A. Gavin, Mrs. Sophie B. Hoefle, O. D. Shaffer, L. A. Patton, Mrs. W. H. Brigance, Arch Campbell, and Henry Turk, trustees thereof, are hereby ordered and directed to observe and comply with this judgment."

After setting out in full the above findings and judgment, plaintiff's petition alleges:

"Third. Plaintiff alleges that said decision of the state board of education of the state of Texas is illegal and void under the law and under the facts in said case for this: That the said Mrs. Nettie W. Weems is not legally or equitably entitled to be reinstated in the position as principal of the schools of the Brazoria independent school district as held and decreed in said order of the state board of education hereinabove set out for the reason that said defendant has not now and at no time has had any valid contract employing her as principal

of the schools of plaintiff district, or authorizing her to teach in said schools. That contrary to the said decision of the state board of education, the undisputed facts developed in said case as tried before the county school board of Brazoria county, Tex., showed that no valid or legal contract existed between the plaintiff school district and the defendant, Mrs. Nettie W. Weems, engaging her as principal of said schools or to teach therein, or obligating said school district to pay her compensation in any sum for any purpose whatever. Plaintiff alleges that as set forth in said decree of the state board of education, plaintiff school district on April 6, 1925, made and entered the following order in its minutes, to wit: 'A motion was made and carried that Mrs. Nettie W. Weems be appointed principal of B. H. S. for two years. A motion was also made and carried that Mrs. Weems be paid the same salary for 1925–26—one year—that she receives at present, namely, $135 per month.'

"Plaintiff alleges that said proposition so made to the defendant as evidenced by said motion was never accepted by said defendant, and that the undisputed evidence adduced upon the trial of said cause before the county board of education of Brazoria county, Tex., was to the effect that the defendant did not accept said offer of employment to teach in said schools, but to the contrary, conclusively shows that said offer of employment as principal in said schools as evidenced by said motion was not accepted by her.

"Fourth. Plaintiff alleges that in virtue of the fact that defendant, Mrs. Nettie W. Weems, had no valid contract of employment as principal of said schools as held in the decree of the state board of education as above set forth, said decree directing that said defendant be reinstated as principal of said schools and be paid for her services is unauthorized, illegal, and void, and plaintiff school district respectfully appeals to this honorable court for relief from said order."

Defendant interposed a general demurrer and several special exceptions to this petition, and generally denied all of its allegations, except the allegation of the rendition of the judgment of the state board of education set out in the petition.

The special exceptions challenge the sufficiency of the petition on the grounds, in substance, that it shows on its face that the matters therein complained of have been finally determined by a tribunal of competent jurisdiction, and are res adjudicata; that the petition presents only issues of fact which the petition shows have been fully determined by the judgment of the state board of education, and that no rehearing was asked by plaintiff and no notice of appeal from the judgment was given, and such judgment is now final as a matter of law as to all questions presented by the petition, and therefore the petition presents no cause of action against the defendant; and that paragraph 4 of the petition is vague and indefinite, in that it does not show in what respect the judgment of the state board of education is "unauthorized,

illegal and void," such allegation being merely the legal conclusion of the pleader.

In response to this answer the plaintiff presented the following supplemental petition:

"Comes now the plaintiffs in the above numbered and entitled cause and show to the court that this court has jurisdiction of this cause and that plaintiffs' petition filed herein seeking the annulment of the order and decree rendered by the state board of education was diligently filed and prosecuted and that same was filed within a reasonable time, and in this behalf would show to the court that the decision sought to be vacated in plaintiffs' petition was rendered by the state board of education on October 10, 1925; that no notice of the rendering of said decision was given to plaintiffs or their attorneys by the state board of education or any other person; that on or about November 7, 1925, attorneys for plaintiffs learned through hearsay that a decision unfavorable to plaintiffs had been rendered by the state board of education in said appeal; that plaintiffs' attorneys upon receiving such information daily expected to receive notice of such ruling inasmuch as the state superintendent of public instruction had promptly upon his rendering a decision forwarded the attorneys for plaintiffs a certified copy of his decision; that having received no notice from the state board of education, on December 12th, attorneys for plaintiffs wrote Superintendent Marrs, secretary of the state board of education, for certified copy of the decision rendered by the state board of education; and that on November 21, 1925, plaintiffs' attorneys for the first time received actual notice of the ruling of the state board of education upon receipt of a certified copy from Superintendent Marrs as per their request.

"Plaintiffs would show that this suit was filed in the district court of Brazoria county, Tex., on December 14, 1925, within less than 30 days after receiving actual notice of said decision of the state board of education, and within 37 days of the date any notice whatever, hearsay or otherwise, that the state board of education had rendered its decision in said cause."

Defendant presented the following exceptions to the supplemental petition:

"(1) Defendant specially excepts to the said supplemental petition because it affirmatively appears from plaintiffs' original petition filed herein that the judgment of the state board of education sought to be reviewed was rendered by the state board of education of the state of Texas upon an appeal to the state board by the plaintiff herein, and plaintiffs having appealed to the state board were charged with the burden of posting themselves as to the date of the regular sessions of the tribunal to which they had appealed their case and owed the duty of following their case and posting themselves as to the disposition made of it, and cannot be heard at this time to say that they did not know that judgment had been entered against them, and of this she prays judgment of the court.

"(2) Further specially excepting to the said supplemental petition this defendant says that it does not appear that any motion or petition was ever filed with the state board of educa-

tion asking that the said judgment be reviewed or set aside, or that any objections or exceptions to the action of the said board was ever filed, although 64 days transpired between the date of the rendition of the said judgment and the filing of plaintiffs' original petition in this suit, and 37 days had transpired after plaintiffs received notice thereof, and 'the said judgment had become final and binding 'on all the parties hereto, and of this she prays judgment of the court."

Upon the hearing in the court below the court sustained the general demurrer and all of defendant's special exceptions, and, the plaintiff declining to amend, rendered judgment dismissing the suit and adjudging that defendant go hence without day and recover of plaintiff all costs of suit.

[1, 2] We agree with appellant's counsel that the so-called special exceptions to the petition are more properly designated "speaking demurrers" and 'are in effect nothing more than general demurrers, and the general rule that as against a general demurrer every reasonable intendment must be indulged in support of the petition is applicable in determining the question of whether the trial court erred in sustaining appellee's demurrers and dismissing appellant's suit. Applying this rule in considering the sufficiency of plaintiff's petition to show a cause of action against the defendant, we think the judgment of the trial court sustaining the general demurrer should be sustained.

[3] The petition shows that the question of appellee's employment by the appellant for a term of two years was adjudicated and determined in appellee's favor by the state board of education, the highest special tribunal provided by our statutes for deciding such controversies. The statute is silent as to any right of appeal from the decisions of the state board of education in any matter within its jurisdiction, but the decisions of our Supreme Court justify, if they do not compel, the conclusion that the decisions of that board are only final and conclusive upon questions of fact, and when the question determined by it is purely one of law, an appeal to the courts can be taken from its decision. State. v. Abshier (Tex. Com. App.) 263 S. W. 263; Dallas v. Mosely (Tex. Civ. App.) 286 S. W. 499.

[4] If the fact findings upon which a decision of the state board of education is based are arbitrary findings without any evidence to support them, the courts could be appealed to for relief from such decision on that ground.

Appellant very earnestly insists that the allegations of the petition before set out entitled it to have the judgment of the state board of education set aside.

[5] We cannot so interpret the petition. No denial is made of any of the evidential facts stated in the judgment of the board set out in the petition. These facts show a valid legal contract of employment of appellee by the appellant and their force and effect cannot be destroyed by the broad allegation "that contrary to said decision of the state board of education the undisputed facts developed in said case as tried before the county school board of Brazoria county, Tex., showed that no valid or legal contract existed between the plaintiff school district and defendant, Mrs. Weems," nor by the further allegation "that said proposition so made to the defendant (by plaintiff) was never accepted by said defendant, and that the undisputed evidence adduced upon the trial of said cause before the county board of education of Brazoria county, Tex., was to the effect that the defendant did not accept said offer of employment to teach in said schools, but to the contrary, conclusively shows that said offer of employment as principal in said schools as evidenced by said motion was not accepted by her."

[6] What the evidence may have been on the trial of the case before the county board of education of Brazoria county is not material in determining the conclusiveness of the judgment of the state board of education. The trial before the state board being de novo, if there was any evidence upon that trial to sustain the fact conclusions upon which the judgment of the board is based, such conclusions cannot be questioned by appeal to the courts.

[7] The judgment of the state board of education upon the facts found by it was the only judgment which could have been properly rendered.

It follows from these conclusions that the judgment of the trial court sustaining the general demurrer to the petition should be affirmed, and it has been so ordered.

Affirmed.