**SEALY et al. v. SCOTT et al.  (No. 12135.)**

Court of Civil Appeals of Texas. Fort Worth.
Nov. 10, 1928.

Rehearing Denied Dec. 8, 1928.

Bill Davenport, of Wichita Falls, for appellant.

E. E. Fischer, of Wichita Falls, for appellees.

DUNKLIN, J. Prior to August 17, 1928, P. J. Scott, A. F. Sealy, and W. J. Tomlinson constituted the board of trustees of the Rocky Point school district No. 16, in Wichita county. On the last-named date, A. F. Sealy announced to A. Randolph, one of the resident citizens of the school district, and other citizens residing in the district, that he intended to move out of the county and would no longer act as trustee for the school district. On August 3, 1928, the board of school trustees met and appointed A. Randolph to act as trustee in the place of A. F. Sealy; the appointment being made upon petition of the patrons of the school. Thereafter Scott and Randolph, acting as the majority of the board of school trustees, entered into two written contracts, one employing Miss Marguerite Ragland to teach a school in said district, and the other employing Shelby Whitcamp to transport pupils to and from the school.

The fall term of school began on September 10, 1928, and Miss Ragland and Mr. Whitcamp entered into the performance of their duties under their respective employments. About one week later, P. J. Scott and A. Randolph instituted this suit against A. F. Sealy and Burl Bryant, county superintendent, to restrain them from nullifying the contracts theretofore made with Miss Ragland and Shelby Whitcamp, and also restraining them

from in any manner interfering with the management of the school by the plaintiffs.

Prior to the action of A. F. Sealy, noted above, and on May 29, 1928, Sealy and Tomlinson, as trustees of the school, employed Miss Gracy L. Cole as teacher of the same school. That employment was written by contract, which was filed in the office of Burl Bryant, county superintendent, on June 7, 1928, and the same was approved by the superintendent, although his approval was not indorsed thereon. The county superintendent refused to approve the later contract made with Miss Marguerite Ragland. However, according to the testimony of the superintendent, his refusal to approve that contract was solely by reason of the fact that he did not know whether he could legally do so, in view of the former contract with Miss Cole.

The case was tried before the court without a jury, and the following are the findings of the court:

"It appearing to the court that the defendant A. F. Sealy vacated his office of trustee of the Rocky Point School District No. 16, on the 17th day of August, 1928, and that the office became vacant, and that said A. F. Sealy had no further authority to act as trustee, it is therefore ordered, adjudged and decreed by the court that said A. F. Sealy, defendant, be and he is hereby permanently enjoined from acting as trustee of said Rocky Point School District No. 16, and further enjoined from interfering in any manner with the operation of said school, and from interfering with the contracts made by the plaintiffs P. J. Scott and A. Randolph, a majority of the trustees of said school district, with Shelby Whitcamp as truck driver, and Miss Marguerite Ragland as teacher of said school, and that the said contracts remain in statu quo until legally set aside by the County School Superintendent and through the proper legal channels, the court finding that plaintiff A. Randolph was at least a duly appointed de facto trustee at the time said contracts were made, until legally ousted by the proper authorities prescribed by law.

"The court further finds that it has no jurisdiction over the acts of the defendant Burl Bryant, the County School Superintendent, in his official capacity, and that the temporary restraining order heretofore issued against him, be and the same is hereby dissolved, and that no permanent injunction issue as to defendant Burl Bryant, as County Superintendent."

From that decree A. F. Sealy has prosecuted this appeal.

The proof showed that, after Sealy learned of the appointment of Randolph as his successor, and of the employment of Miss Ragland and Whitcamp in the capacities above stated, he went to the county superintendent and there made a claim that he had never in fact moved out of the county; that he was still a lawful trustee of the school district; that Miss Ragland's employment was illegal because A. Randolph was not authorized to act as said trustee; and that Miss Cole, and not Miss Ragland, had the right to teach the school under her contract and to receive a salary therefor. Those contentions are presented in Sealy's brief, filed here as grounds for reversing the trial court's judgment.

▮ While it is true that Sealy did not write out and present to the county school board his formal resignation, yet his acts and declarations found by the trial judge amounted to a resignation, and the findings of the trial judge relative thereto have ample support in the evidence.

▮ Neither Miss Ragland nor Miss Cole is a party to this suit, and for that reason alone we have no jurisdiction to determine whether the one or the other has a lawful right to teach the school, even though it could be said that aside from that question this court would have full jurisdiction.

Article 2676, Rev. Statutes of 1925, provides for the election of a board of county school trustees of each county, composed of five members, and vested with the general management and control of the public free schools and high schools in that county. That board is usually designated as the county board of school trustees. Article 2745 provides for the election of a board of three trustees for each school district. Article 2747 provides that the county board of school trustees shall fill by appointment any vacancy occurring in the board of trustees of any school district, with power to employ and dismiss teachers. It is further provided that, when a teacher is dismissed, he shall have the right of appeal to the county and state superintendents. By article 2750 trustees of the district are given power to make contracts with teachers, but that, when the contract of employment is in writing, it shall be approved by the county superintendent of public instruction before the school is taught. Article 2686, as amended by General and Special Acts of the Fortieth Legislature, p. 128, provides that all appeals from the county superintendent of public instruction shall lie to the county board of school trustees, and further provides that any appeal from their decision may be prosecuted to any court having proper jurisdiction of the subject-matter or to the state superintendent of public instruction, at the election of appellant. Article 2656 vests in the state superintendent of public instruction a general superintendency of business relating to the public schools of the state, with the further provision that:

"He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeals shall always be from his rulings to the state board."

■ The pleadings filed by appellant A. F. Sealy in the trial court cannot be construed as a contest of the election of A. Randolph as his successor in office, nor can it be construed as a proceeding by quo warranto against Randolph. There is no emolument to the office of school trustee, and therefore no property right of appellant is involved in this proceeding. Furthermore, the record shows that the appellant Sealy is not now a resident citizen of the school district, but has removed with his family to another county, and therefore he is not now qualified to act as trustee of the Rocky Point school district. It follows that, whether he did or did not, in fact, resign as trustee before he moved his residence to another county, becomes a moot question, since, even though the order appealed from should be reversed, appellant would gain nothing personally, nor would the school district thereby.

Accordingly, the order appealed from will be left undisturbed, without a determination of any hypothetical question that otherwise might arise from the record before us. This disposition of the appeal is made without prejudice to any possible rights of Miss Ragland or Miss Cole, or any person who has been employed to transport pupils to and from the school, growing out of her or his contract of employment, if any.