## BARRETT v. TATUM et al.
### No. 9370.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 22, 1933.

Rehearing Denied Dec. 20, 1933.

Barrett & Taylor, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellees.

MURRAY, Justice.

This is a petition for injunction instituted by Thurman Barrett, as a resident and taxpayer of Harlandale independent school district, seeking to enjoin one Ed. Drennon and one J. A. West from acting as trustees of said school district.

Petitioner contends that the pretended election of Drennon and West was illegal and void, for the reason that there were only three members of the school board present at the time of their election, and that three members did not constitute a quorum for the transaction of business.

The court below refused the injunction and Thurman Barrett, appellant herein, has brought this appeal.

The trial court properly refused to grant this injunction. The prime object of this suit is to test the right of Drennon and West to act as school trustees. The proper way to test the legality of their appointment or election to these offices is by quo warranto brought in the name of the state. 51 C. J. p. 313; Aulanier v. Governor, 1 Tex. 653; Grant v. Chambers, 34 Tex. 574; article 6253, R. S. 1925.

It is clear from the facts pleaded by petitioner that Drennon and West were at least de facto trustees and the regularity of their election could not be questioned in a collateral proceeding. Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; Walker v. Walter (Tex. Civ. App.) 241 S. W. 524.

In view of the provisions of article 2656, R. S., appellant should have first presented this controversy to the county superintendent, then to the state superintendent of public instruction, and, if not satisfied with his decision, then to the state board of education before resorting to the courts. South San Antonio Ind. School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265, writ of error denied 115 Tex. 145, 277 S. W. 78; Warren et al. v. Sanger Ind. School Dist., 116 Tex. 183, 288 S. W. 159; Bevers v. Winfrey (Tex. Civ. App.) 260 S. W. 627.

The judgment of the trial court will be affirmed.