## JOE KUNSCHIK ET AL V. C. L. NICHOLS.

No. 7683. Decided March 20, 1940.
(137 S. W., 2d Series, 1000.)

*Gerald C. Mann,* Attorney General, *George W. Barcus* and *Morris C. Hodges,* Assistants Attorney General, for plaintiffs in error.

It was error for the trial court to take jurisdiction of this case for the reason that it was an attack on the right of the commissioner to hold the office of commissioner of the labor bureau, as a quo warranto is the only remedy that can be exercised for that purpose. Williams v. Castleman, 112 Texas 193, 247 S. W. 263; McAllen v. Rhodes, 65 Texas 348; Snow v. State, 114 S. W. (2d) 898.

*Dee Estes* and *T. F. Morrow,* both of Fort Worth, for defendant in error.

The suit was not an attack on the right of the commissioner to hold his office, but was only a suit to enjoin him and his agents from unlawfully taking the property of appellees and from unlawfully destroying same, and it was not error for the trial court to entertain jurisdiction of the case. Castleman v. Rainey, 211 S. W. 630; Conley v. Daughters of the Republic, 151 S. W. 877; Terrell v. Middleton, 187 S. W. 367.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

C. L. Nichols and four others filed this suit against Joe Kunschik, Commissioner of the Bureau of Labor Statistics of Texas. The allegations of the petition against the commissioner are embodied in six paragraphs. Omitting the formal allegations of paragraph one as to residence, the effect of the allegations of that paragraph is that Kunschik is the "duly appointed and acting commissioner" of the bureau named.

In paragraph two plaintiffs allege that each is an owner and operator of a high pressure steam boiler within the classification of boilers covered by House Bill No. 352 of the 45th Legislature, a safety measure commonly known as the Texas Boiler Law; that section 12 of the act provides that the commissioner shall, once every twelve months, charge certain fees

for the inspection of boilers within the classification embraced; that plaintiffs' boilers are now subject to inspection and that they believe the department of labor is about to call upon them to have such inspection made, and that the commissioner's boiler inspectors "are incompetent and cannot make a proper and lawful inspection" of such boilers for reasons thereafter set out.

The alleged reasons are embodied in paragraph three of the petition, which are stated on information and belief. They may be summed up in the statement that Commissioner Kunschik in violation of the provisions of section 8 of Article 5221a of Vernon's Revised Civil Statutes appointed W. Charles Kellum chief boiler inspector and that Kellum "is now serving in that capacity." It is alleged that he is not qualified as a boiler inspector, which fact, it is alleged, the commissioner knew or could have known by the exercise of reasonable diligence. It is specified in this connection that Kellum is inexperienced and unqualified for the reason that "he has not had five years practical experience as is required by section 8 of Article 5221c of Vernon's Revised Civil Statutes; that the commissioner arbitarily and capriciously appointed Kellum as an inspector "without regard for the safety of the citizens of this State." There is a further allegation in this connection that neither the commissioner nor his appointee has had "the required experience and knowledge to tell whether or not a boiler is safe"; and that neither the commissioner nor his appointee is possessed of sufficient knowledge to examine prospective deputy boiler inspectors to determine whether they have "ability to make such inspections."

In the fourth paragraph it is alleged that plaintiffs are entitled to have a "fair, proper and legitimate inspection" made of their boilers and that they, in so far as the required inspection is concerned, are compelled to rely upon inspections made by the boiler inspection division of the labor department; that the purpose of the requirements of payment of the inspection fees is to provide a fund out of which to pay the cost of lawful and proper inspections, and that it follows from the facts stated plaintiffs will not receive the public inspection service to which they are justly entitled; that to require them to submit their boilers for inspection by "said incompetent division" would deprive them of their property without due process of law in violation of the federal and state constitutions and subject them to "great financial loss"; that the law requires the labor commissioner to "appoint competent and qualified boiler men of no less than five years practical experience

with steam boilers as a steam engineer, boiler maker or boiler inspector, and that such inspectors must show themselves competent to pass an examination and that "as plaintiffs verily believe," most of "the said boiler inspectors" have not complied with the article of the statute above referred to.

In paragraph five plaintiffs allege that a penalty is provided under the provisions of the act relating to inspections, and that upon refusal on their part to meet its requirements in this particular they will, unless Kunschik is restrained, be prosecuted and subjected to such penalty, as they verily believe.

Paragraph six alleges upon information and belief that the commissioner and his inspectors are threatening to have plaintiffs' boilers inspected and will, unless restrained, compel plaintiffs to either pay the inspection fees and submit their boilers to inspection, or be prosecuted under the provisions of the act.

Plaintiffs prayed for the issuance without notice of a "temporary restraining order or temporary writ of injunction" restraining the commissioner, his agents, servants, and employes from attempting to inspect plaintiffs' boilers, and from filing any criminal prosecution against plaintiffs' and from in any manner molesting plaintiffs or otherwise interfering with them in the lawful conduct of their business; also, that the *commissioner* be cited to appear on the date named to show cause, "if any he may have," why he has not complied with the requirements of law in selecting competent inspectors to inspect plaintiffs' boilers, and that upon final hearing the *commissioner* be perpetually enjoined from the violation of law with respect to examining and selecting boiler inspectors and from making unlawful inspections and from unlawfully demanding inspection fees from plaintiffs.

W. Charles Kellum, whose appointment as inspector is complained of, was not made a defendant. Issuance of citation was not prayed for as to him. No service was had upon him nor did he enter an appearance in the case.

Upon presentation by plaintiffs of the petition in chambers on May 18, 1939, the trial court caused to be issued a temporary restraining order, effective until June 5, 1939, at which time defendant, and defendant only, was notified to appear before the court to show cause, if any he had, why a temporary injunction as prayed for should not be issued.

The cause came on to be heard at the appointed time. According to the recitations of the judgment the trial court, after hearing upon the application, was of opinion that an injunction

should not be granted against the commissioner to restrain him from filing criminal prosecutions against plaintiffs, but that plaintiffs were entitled to a temporary injunction against Chief Inspector Kellum to restrain him "from inspecting or causing to be inspected, plaintiffs' boilers, and from demanding inspection fees from them and from in any manner molesting them in the lawful conduct of their business." The order recites in this connection that "the court finds 'that the said Kellum has not had sufficient experience to qualify under the law as boiler inspector."

The injunction prayed for against Commissioner Kunschik was accordingly denied but injunction against Kellum was decreed by the court and it was ordered that the costs incurred be taxed against the commissioner.

The Attorney General, on behalf of Commissioner Kunschik and Chief Inspector Kellum, filed a brief in the Court of Civil Appeals. Upon hearing in that court the judgment of the trial court restraining Kellum was affirmed. 133 S. W. (2d) 209. Writ of error was granted and the cause is before us for review.

The petition discloses on its face that the sole defendant is the commissioner. The prayer did not request issuance of citation to any one other than the defendant named in the petition nor does the petition contain any prayer that any one other than the commissioner be enjoined. The notice to appear before the court for hearing on June 5th was directed to the commissioner and to him only.

■ The Court of Civil Appeals in passing upon the assignment of error complaining of the granting of the injunction against Kellum because he was not a party to the suit and entered no appearance in the case, held that the assignment is without merit because Kellum is a part of the official family of the commissioner and "was appointed by the commissioner, who was served with process."

This holding is erroneous. A right personal to Kellum was involved. He was not sued and was not before the court. The fact, as stated by the Court of Civil Appeals, that Kellum "is a part of the official family," of the commissioner does not deprive Kellum of his right to be heard upon the allegation that he is not qualified to perform the duties of the office to which he was appointed.

The Court of Civil Appeals erred in affirming this holding of the trial court. The judgments of the courts below as to Kellum are therefore void. Levy v. Roper, 113 Texas 356, 256

S. W. 251 and cases there cited; State Mortgage Corporation v. Traylor, 120 Texas 148, 36 S. W. (2d) 440; Butman v. Jones, 24 S. W. (2d) 796.

The above holding disposes of the cause so far as Kellum is concerned.

It is contended by Commissioner Kunschik, however, among other things, that the trial court was in error in taking jurisdiction of this case because the suit is in effect an attack in a proceeding other than by quo warranto on his right to hold the office of commissioner of the bureau of labor statistics.

We sustain this contention also. Williams v. Castleman, 112 Texas 193, 247 S. W. 263; McAllen v. Rhodes, 65 Texas 348; Snow v. State, 134 Texas Crim. Rep., 263, 114 S. W. (2d) 898. It appears upon the face of the proceeding that Kunschik is the duly appointed commissioner, and that he in appointing Kellum was acting as such. He is alleged by defendant in error to be the "duly appointed," as well as the "duly acting," Commissioner of the Bureau of Labor Statistics of the State. Defendants in error made no complaint that he is unlawfully withholding the office from another. The gist of the complaint is that he is ineligible to hold the office, and is appointing ineligibles as inspectors. As stated in the Castleman case, supra, "if appellant was ineligible (to hold the office of justice of the peace) the exclusive remedy to prevent his * * * unlawful occupancy of the office was by quo warranto," citing Article 6398, now 6253; and, as stated in McAllen v. Rhodes, supra, "Plaintiff had no right to an injunction * * * to restrain the defendant from * * * discharging the duties of county judge * * *." The court says in this connection: "It is to the interest of the public that the office should be filled, but it would be rendered vacant, if, by means of an injunction, the officer defacto were absolutely prohibited from discharging its duties, * * *."

The court cannot by injunction restrain the commissioner from discharging the duty of making the inspections provided for by the act.

The judgment of the Court of Civil Appeals affirming that of the trial court is accordingly reversed and both judgments are set aside, and judgment is here rendered dissolving the temporary injunction.

Opinion adopted by the Supreme Court March 20, 1940.