LAMB et al.

v.

STATE ex rel. JOHNSON et al.

No. 12662.

Court of Civil Appeals of Texas.

San Antonio.

March 31, 1954.

Petry & Dean, Carrizo Springs, for appellants.

Andrew P. Johnson, Carrizo Springs, for appellees.

NORVELL, Justice.

The controlling question presented upon this appeal is whether or not a removal suit, brought under Article 5, § 24, of the Texas Constitution, Vernon's Ann.St., will lie against a school trustee who has removed from the district and thus vacated his office. Article 16, § 14, Texas Constitution.

The court below held that such removal suit could be maintained by the County Attorney on relation of residents of the district and found, as a basis for the granting of a temporary injunction, that appellants Malcolm Lamb and Hippolito Martinez had ceased to reside in the Asherton Independent School District, Dimmit County, and had thereby vacated and abandoned their offices as trustees of such school district. Lamb and Martinez were ordered suspended from office and Andrew Hull

and Benjamin William Fleming were appointed to act in their stead.

From an order overruling a motion to dismiss the temporary injunction, Lamb and Martinez have appealed to this Court.

█ The County Attorney freely concedes that this is not a suit in the nature of quo warranto, Article 6253, Vernon's Ann. Civ.Stats., and was not intended as such. The proceedings were instituted as a constitutional removal suit under Article 5, § 24, of the Constitution and legislation ancillary thereto. See Title 100, styled "Removal of Officers", Articles 5961 to 5997, inclusive, Vernon's Ann.Tex. Stats. It has been held that school trustees are county officers, Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120; Walker v. Walter, Tex.Civ.App., 241 S.W. 524, and the procedures set forth in Articles 5970 et seq., are consequently applicable to suits to remove school trustees. Article 5982 provides for the suspension of persons from public office temporarily and the appointment of substitutes to serve in place of those suspended. Such procedure was followed in this case.

Article 5 of the Constitution relates to the Judicial Department. Section 24 thereof provides that:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, *or other causes defined by law,* upon the cause therefor being set forth in writing and the finding of its truth by a jury."

The County Attorney places special emphasis upon the words above italicized, "other causes defined by law," and asserts that Article 16, § 14, of the Constitution sets forth and defines by law another cause for removal. The section mentioned is a part of the Article entitled, "General Provisions" and reads as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

It is not asserted that any part of Title 100 of Vernon's Ann.Tex.Stats., or any other statutory enactment provides for removal of a school trustee upon his residing outside the district. Sole reliance is placed upon the constitutional provision above quoted.

█ Perhaps the strongest argument against the view that Article 16, § 14, does not provide another cause for removal under Article 5, § 24, is that the section does not so provide in so many words. Article 5, § 24, indicates a procedure whereby an individual may be removed from public office. Article 16, § 14, on the other hand, relates to the office primarily, rather than to the individual occupying the same. In the event a certain state of facts exists, the constitutional mandate imperatively declares the office vacant.

█ As shown by the reported decisions, the State and the residents of the district are not without remedy, State ex rel. Hickman v. Alcorn, 78 Tex. 387, 14 S.W. 663; Ehlinger v. Rankin, 9 Tex.Civ.App. 424, 29 S.W. 240; Barrett v. Tatum, Tex. Civ.App., 66 S.W.2d 444; Kaml v. Camp, Tex.Civ.App., 78 S.W.2d 1046; State ex rel. Downs v. Harney, Tex.Civ.App., 164 S.W.2d 55, but such remedy is not by way of a removal suit under Article 5, § 24, of the Constitution.

For the reasons stated, the court erred in overruling the motion to dissolve the temporary injunction. The order appealed from is reversed and the cause remanded to the trial court with instructions to dissolve the temporary injunction and for further proceedings in accordance with this opinion.

Reversed and remanded with instructions.