**Robert L. WHITMARSH et al., Appellants,**

v.

**Jack B. BUCKLEY et al., Appellees.**

No. 13437.

Court of Civil Appeals of Texas.

Houston.

April 23, 1959.

Rehearing Denied May 14, 1959.

Robert L. Sonfield, Houston, for appellants.

Cutrer, Bray & Cutrer, G. Winston Cutrer, J. C. Whitfield, Jr., Houston, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court refusing to issue a temporary injunction enjoining Jack B. Buckley and Richard C. Cass from acting as trustees on the Board of Trustees of the Aldine Independent School District in Harris County. It is agreed that Mr. Cass was duly elected as a trustee. It is further agreed that Mr. Buckley was duly and legally appointed as trustee. The proceeding to enjoin their continuing to act is based on the contention that they no longer reside in the School District because they reside in an area that was legally de-annexed from the Aldine School District and annexed to the Houston Independent School District. The appellants also asked for a declaratory judgment, declaring the appellees no longer trustees. The trial court refused to grant the injunction for the reason that an appeal had been taken from the action of the County Board of Trustees of Harris County approving the transfer of territory to the State Commissioner of Education and though he had upheld the transfer at the time trial was held, an appeal from his decision was pending before the State Board of Education. The trial judge was of the view that the appeal had the effect of superseding the order of the County Board of Trustees and therefore there had never been a legal transfer of the territory.

The dates on which various acts occurred are unimportant. It suffices to say that at the time the appellants filed their First Amended Original Petition on which they went to trial and at the time of trial an appeal was pending before the State Board of Education. Prior to such time the territory in which appellees reside, and in which they intend to continue their residence, had been, under the terms of Art. 2742f, Sec. 1, Vernon's Ann.Tex.Civ.St.,

de-annexed from the Aldine Independent School District and annexed to Houston Independent School District, or, at least, the County Board of Trustees had passed an order calling for such. An appeal had been taken from this action to the Commissioner of Education who upheld the County Board of Trustees. An appeal was then taken from this last action to the State Board of Education and such appeal was pending at the time of trial and at the time the appeal in this cause was argued to this Court.

It should be noted that the record shows that as a fact the Houston Independent School District had, after action by the County Board of Trustees, assumed authority over the area involved, and the Aldine Independent School District assumed to relinquish its authority over the area.

Appellants rely for reversal on the contention that under Art. 16, Sec. 14 of the Constitution, Vernon's Ann.St., the appellees' offices became vacant when they became non-residents of the Aldine School District, and that they became non-residents immediately upon the adoption of the order of transfer by the County Board of School Trustees.

Appellees contend they remain trustees, first, because the appeal from the order of the County Board of School Trustees superseded such order and there will have been no effective transfer until the matter is finally determined by the State Board of Education, and, second, the fact that they reside in the de-annexed area, even when the transfer becomes final, does not create a vacancy.

These are the only two questions raised by the parties and, therefore, the only questions before us.

Article 16, Section 14 of the Constitution provides:

"All civil officers shall reside within the State; and all district and county

officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

■ The trustee of an independent school district is a county officer. Prince v. Inman, Tex.Civ.App., 280 S.W.2d 779, no writ history; Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120; Miller v. Coffee, Tex.Civ.App., 17 S.W.2d 1100, no writ history; Lamb v. State ex rel. Johnson, Tex. Civ.App., 267 S.W.2d 285, no writ history; Tex.Jur.Vol. 37-B, Sec. 83, p. 235.

In the case of Prince v. Inman, supra, it was held that a school trustee who voluntarily moved from the county in which the school district which he served was located, thereby vacated the office of school trustee, by reason of the above provision of the Constitution. See also Sealy v. Scott, Tex.Civ.App., 11 S.W.2d 605, no writ history.

There can be no question that had the appellees voluntarily moved out of Harris County they would have vacated the office of school trustee. However, they did not move out of the Aldine Independent School District, but became non-residents, if at all, by the transfer of the territory in which they lived. Too, they still remain residents of Harris County. We have been cited to no case, nor have we in our extensive independent study been able to find any, covering the situation here presented. The questions presented are fraught with difficulty.

We have concluded that the above provision of the Constitution is not controlling. It has the effect of creating a vacancy only if the trustee becomes a non-resident of the county. The appellees in this case continue to reside in the county where the school district is located, but are now non-residents and intend to continue to be non-residents of the school district.

We have searched the statutes specifically dealing with school trustees in an effort to gain some light, but such statutes shed no light on the matter. The statutes read are the Articles cited in Texas Jurisprudence, Vol. 37-B, Sec. 84, p. 236, note 14. Only one of these articles deals with the matter at all and it is not applicable here. We note, however, that Article 2783d, the only article on school trustees mentioning the matter of removal from the district, provides that "in case of a vacancy caused by * * * removal from the district * * * the Board of Education shall select a suitable person to fill the unexpired term * * *".

■ We have, however, concluded that Article 1.05 of the Texas Election Code, V.A.T.S., is applicable to all elective offices and that a person elected to serve a political unit as an officer must be, when elected and during his term of office remain, a resident of such political unit. We think it unimportant as to the cause of non-residency.

Article 1.05 of the Election Code deals specifically with the eligibility of a person who becomes a candidate for office in a general or special election. It provides as follows:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve (12) months and six (6) months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for six (6) months."

■ From this it will be seen that every type of office in the State is covered in general terms. While the term "school trustee" is not used, the terms "State", "county", "precinct" and "municipal of-

fice" are used. We think the term "precinct" is used in a general sense to include all political units within the county, except municipal, that are less than county-wide in area. The evident purpose of the statute is to require representation of a political unit by one who is elected who resides in the unit which he is to serve. It is true that it does not deal specifically with removal from office upon cessation of residence once a person has been elected, but it would in effect be meaningless if it is interpreted as restrictive only of residence at the time of election and qualification. If it is so restricted, a person could be elected and qualify and then move out of the political unit and yet continue to act in an official capacity when he is no longer affected by the acts he performs. A statute should be liberally construed to effect the intention of the legislature. It has ever been traditional with Texas to require representation by elective officers who are residents of the political unit for which the elected officer acts.

We therefore, hold that when a school trustee permanently becomes a non-resident of the school district he was elected to serve, he vacates his office.

We find nothing in our holding contrary to the case of Childress County v. Sachse, Tex.Civ.App., 310 S.W.2d 414, writ refused, n. r. e. Tex., 312 S.W.2d 380. In that case the Court held that a county commissioner, who was no longer a resident of the precinct from which he was elected because the Commissioners Court had changed the precinct lines, did not thereby vacate his office. However, a county commissioner is merely elected from a precinct that is created for the convenience of the people under the mandate of Article 5, Section 18 of the Constitution. He is not, however, an officer of that political subdivision. He is a county officer serving the entire county as a member of the Commissioners Court, which as a body is the governing unit for the whole county. He is elected, not to act authoritatively for just his precinct. He is elected to serve the whole county. In the Sachse case, Sachse still lived in the political unit he was elected to serve, to wit, Childress County.

The question remains as to whether the trial court was in error in holding the order of transfer made by the County Board of School Trustees was suspended pending a review of the State Board of Education.

We hold that he did not err because the effect of the appeal through the administrative appellate procedure superseded the order.

There is really no case passing on this precise question. It was, however, held in the case of Brazoria Independent School District v. Weems, Tex.Civ.App., 295 S.W. 268, no writ history, that a trial on appeal from an order of the County Board of School Trustees was de novo, and it made no difference what evidence was before the County Trustees. The Court, in a suit attacking the validity of the order of the State Board of Education which had upset the order of the County Trustees, held it made no difference what evidence was before the County Trustees, but it was important only that there was evidence before the State Board of Education reasonably supporting its action, because trial before the State Board of Education was de novo.

It is true, as stated by appellants, that the decided cases have used the expression that the judgment of an administrative agency is binding until modified or set aside. However, in every such case the court was dealing with an order entered by the only administrative agency having jurisdiction, and in each such case an effort was being made to have the Judicial Department set aside an order of the Executive Department.

The statutes giving the right of appeal in school matters from the local school boards to the State Commissioner of Education are all silent on whether the appeal effects

a trial de novo and hence a superseding of the inferior board's order. However, the case above cited says the trial is de novo. On principle we think it sound. The statutes all contemplate ultimate supervision of administrative affairs of our public schools by the State Board of Education. In appeals to them there is one department of the executive branch of the government reviewing the action of an inferior department of the same branch of government.

■ Where the judicial branch of government is called upon to review action of any department of the executive branch, because of the separation of powers, the judicial branch, where the statute is silent as to the nature of the review, on appeal does not accord a trial de novo. There is some doubt that the legislature could in any type of situation constitutionally authorize a trial de novo. Southern Canal Company v. State Board of Water Engineers, Tex., 318 S.W.2d 619. Certainly the holdings are based on the ground that where the legislature has committed authority to a branch of the executive, the exercise by the executive branch of that authority should not be disturbed by the court unless it is arbitrary and capricious, that is, unless it is not supported by substantial evidence. No such nicety need be observed, in the absence of statute compelling it, where a higher body of the same department of government is reviewing action of an inferior body of the same department.

■ Appellants, since the submission of this case on appeal, have filed with us a certified copy of an order of the State Board of Education sustaining the action of the County Board of Trustees. We are without authority to take note of it. We have power to receive evidence not produced in the trial court only in so far as it is necessary to determine our jurisdiction over an appeal. We are an appellate court and in cases appealed to us we are limited in our consideration to matters before us that were a part of the record made in the trial court.

Since, when the trial court denied the injunction, an appeal was pending before the State Board of Education, the judgment of the trial court is affirmed.

### On Motion for Rehearing

Appellees have filed a motion for rehearing in which they complain not of our judgment affirming the action of the Trial Court, but rather complain that we, in giving our reasons for affirming the judgment of the Trial Court, went further than was necessary to our disposition of the appeal. They assert we should only consider whether the Trial Court abused its discretion in refusing to grant the injunction.

It is true that we should only determine whether he abused his discretion, but we must under the law give our reasons for the determination of such issue. What we actually held, and hold, is that the Trial Court did not abuse his discretion in refusing a temporary injunction for the following reasons:

1. Article 16, Section 14, of the Constitution is not applicable because the appellees still live within the county. The school trustee is a county officer and this constitutional provision only provides he vacates his office if he becomes a non-resident of the county.

■ 2. Under Article 1.05 of the Election Code a school trustee becomes ineligible to continue to serve, upon proper attack, when he becomes a permanent non-resident of the district. We feel our use of the term "vacate" in our original opinion was perhaps too broad. We think the correct term is "ineligible." There is nothing in the statute providing that an office will automatically become vacant when a person becomes ineligible. However, in this case the order transferring the territory where appellees live was not final because an appeal was pending before the

State Board of Education, and therefore appellees at the time the Trial Court denied the injunction were not non-residents of the school district.

3. It was admitted that appellees had been duly elected or appointed to office, had qualified and were acting as trustees. They were, therefore, de facto officers and the action to question their eligibility to continue to serve is by quo warranto proceedings. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, 269; Kunschik v. Nichols, 135 Tex. 1, 137 S.W.2d 1000, 1002; Barrett v. Tatum, Tex.Civ.App., 66 S.W.2d 444; Marta v. State, 81 Tex.Cr.R. 135, 193 S.W. 323, 333; and Snow v. State, Tex.Cr.App., 114 S.W.2d 898.

Appellees' motion for rehearing is overruled.