

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 18, 1962

Honorable Wm. L. Ferguson
County Attorney
Rusk County Courthouse
Henderson, Texas

Opinion No. WW-1387

Re: Eligibility of a person to
be appointed a school trus-
tee to fill a vacancy in
such office, when such per-
son has not resided in the
school district for six months
prior to such appointment.

Dear Mr. Ferguson:

You have asked the following question:

"Is a person eligible to hold of-
fice as a school trustee in an inde-
pendent school district who has been
appointed by the board to fill a va-
cancy when this person has not resided
in the school district for six months
prior to said appointment?"

Article 1.05, Texas Election Code, provides in part:

"No person shall be eligible to
any State, county, precinct or muni-
cipal office in this State unless he
shall be eligible to hold office un-
der the Constitution of this State,
and unless he shall have resided in
this State for the period of twelve
(12) months and six (6) months in the
county, precinct, or municipality, in
which he offers himself as a candidate,
next preceding any general or special
election, and shall have been an ac-
tual bona fide citizen of said county,
precinct, or municipality for six (6)
months. . . ."  /Emphasis added/

Whitmarsh v. Buckley, 324 S.W.2d 298 (Civ.App. 1959) was a
case involving the right of one elected trustee and one appointed
trustee of the Aldine Independent School District in Harris County
to continue to serve on the Board of Trustees, after the area in
which they resided was de-annexed from the Aldine Independent

School District and annexed to the Houston Independent School
District. The Court of Civil Appeals held that Art. 1.05, Texas
Election Code, was the governing law in the situation. After
quoting the above statute, the Court stated at page 301:

> "From this it will be seen that
> every type of office in the State
> is covered in general terms. While
> the term 'school trustee' is not
> used, the terms 'State', 'county',
> 'precinct' and 'municipal office'
> are used. We think the term 'pre-
> cinct' is used in a general sense
> to include all political units within
> the county, except municipal, that
> are less than county-wide in area.
> The evident purpose of the statute
> is to require representation of a
> political unit by one who is elected
> who resides in the unit which he is
> to serve. It is true that it does
> not deal specifically with removal
> from office upon cessation of resi-
> dence once a person has been elected,
> but it would in effect be meaning-
> less if it is interpreted as restric-
> tive only of residence at the time
> of election and qualification. If
> it is so restricted, a person could
> be elected and qualify and then move
> out of the political unit and yet
> continue to act in an official capa-
> city when he is no longer affected
> by the acts he performs. A statute
> should be liberally construed to
> effect the intention of the legis-
> lature. It has ever been traditional
> with Texas to require representation
> be elective officers who are resi-
> dents of the political unit for which
> the elected officer acts.
>
> "We therefore, hold that when a
> school trustee permanently becomes
> a non-resident of the school dis-
> trict he was elected to serve, he
> vacates his office."

On Motion for Rehearing, the Court modified its use of the word "vacate" as used in last sentence quoted above, and stated at page 303:

> "Under Article 1.05 of the Election Code a school trustee becomes ineligible to continue to serve, upon proper attack, when he becomes a permanent non-resident of the district. We feel our use of the term 'vacate' in our original opinion was perhaps too broad. We think the correct term is 'ineligible.' There is nothing in the statute providing that an office will automatically become vacant when a person becomes ineligible. . . ."

At page 304 the Court said:

> "It was admitted that appellees had been duly elected or appointed to office, had qualified and were acting as trustees. They were, therefore, de facto officers and the action to question their eligibility to continue to serve is by quo warranto proceedings."

If a person is not eligible to be elected to serve as school trustee unless he has been an actual bona fide citizen for six (6) months next preceding his election, then an appointee who fills a vacancy on a school board must possess the same qualifications for that office as one who is elected, and must have been an actual bona fide citizen of such school district for six (6) months next preceding his appointment. We could paraphrase what was said above in the Whitmarsh case, and say: It is true that Art. 1.05, Election Code does not deal specifically with the residence qualifications of one who is appointed to fill a vacancy, but the article would in effect be meaningless if it is interpreted as restrictive only of residence qualifications for those who are elected as school trustees. We hold therefore, that a person who has not resided in the school district for six (6) months or more is not eligible for appointment as school trustee to fill a vacancy.

## S U M M A R Y

A person who has not resided in the school district for six (6) months or more is not eligible for appointment as a school trustee to fill a vacancy on the Board of Trustees of an independent school district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

REF:rk

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Lewis
W. O. Shultz
Colemen Gay

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore