

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 9, 1975

The Honorable Thomas W. Brown
Director, Texas Board of Private
Investigators and Private Security
Agencies
959 Reinli, Suite 201
Austin, Texas 78751

Dear Mr. Brown:

Opinion No. H- 578

Re: Whether a person who is a
member of a state board and
who was required at the time
of his appointment to represent
a certain profession can con-
tinue to serve on the board
after he leaves that profession.

The Private Investigators and Security Agencies Act [art. 4413 (29bb),
V.T.C.S.] creates the Texas Board of Private Investigators and Private Security
Agencies composed of the Director of the Texas Department of Public Safety,
the Attorney General, "one City or County Law Enforcement Officer," two
members appointed by the Governor "who are citizens of the United States and
residents of the State of Texas," and three members appointed by the Governor
"who are licensed under this Act, who have been engaged for a period of five
consecutive years as a private investigator, private guard, or as a law enforce-
ment officer for any city, county, or state government, or for the federal govern-
ment, and who are not employed by the same person or agency as any other member
of the board." The initial Board was appointed in 1969 and in 1972 the person
about whom you inquire was added. At that time he was the only member of the
Board who was serving as a city or county law enforcement officer. He has
subsequently resigned that position to enter private life and has accepted a posi-
tion with the campus police of a state university. You have asked whether or
not he may continue to serve out his term as a Board member.

Although he was not so designated at the time of his appointment, we must
assume that the man in question was appointed by the Governor to fill the Board
position set aside for a city or county law enforcement officer. Assuming this to
be true, the question you present, then, is whether or not a person meeting the
qualifications for a particular office at the time of his appointment but later
giving up those qualifications nevertheless may continue in office.

In the very recent case of Phagan v. State, 510 S.W.2d 655 (Tex. Civ. App.
--Ft. Worth 1974, writ ref'd., n.r.e.), it was held that a district attorney who,
during the term of his office was disbarred, was properly removed from office

by that fact alone despite the fact that the statute requiring him to be a licensed attorney at the time of his election did not specify that loss of that qualification would work a forfeiture of office.

Surely, the Legislature, in specifically calling for varying qualifications for members of your Board, intended that those qualifications be represented on the Board. And, following the dictates of the Phagan case, when a person no longer meets the qualifications for a position on the Board, it must be held that he loses his right to serve and the position is vacated.

In answer to your question, therefore, it is our opinion that a person appointed to the Texas Board of Private Investigators and Private Security Agencies to fill the position calling for a city or county law enforcement officer, though qualified at the time of his appointment, who later ceases to be a city or county law enforcement officer, vacates his position on the Board. Phagan v. State, supra; Whitmarsh v. Buckley, 324 S. W. 2d 298 (Tex. Civ. App. --Houston 1959, no writ); Attorney General Opinion WW-1387 (1962); 47 Tex. Jur. 2d Public Officers §43.

### SUMMARY

A person appointed to the Texas Board of Private Investigators and Private Security Agencies to fill a position which requires that he be a city or county law enforcement officer vacates the position if he or she later ceases to possess those qualifications.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee