# THE ATTORNEY GENERAL
## OF TEXAS



JOHN L. HILL
ATTORNEY GENERAL

October 4, 1977

Honorable L. B. Davis, Jr.
President
State Board of Morticians
1513 S. Interstate 35
Austin, Texas 78741

Opinion No. H-1065

Re: Continued service on
State Board of Morticians
by member who has changed
employment.

Dear Mr. Davis:

You advise that two members of your board were appointed by the Governor on the same date and that both were confirmed by the Senate. One was employed at the time by a corporation owning and controlling more than three funeral establishments in Texas, and the other was the proprietor of a single funeral establishment. Both appointees qualified and began their Board service. Later, the sole proprietor sold his business and became an employee of the same corporation for which the other board member works. You ask if either of them is now disqualified to serve on the board.

The State Board of Morticians is created by section 2A of article 4582b, V.T.C.S. In part it reads:

> There is hereby created the State Board of Morticians . . . consisting of six (6) members who shall be citizens of the United States and residents of the State of Texas, and shall be licensed embalmers and funeral directors in the State of Texas. . . . The members of said Board shall be appointed by the Governor, by and with the consent of the Senate for a period of six (6) years. . . . No member shall be appointed to the Board who is an officer or employee of a corporation or other business entity controlling or operating directly or indirectly, more than three funeral establishments, if another member of the Board is also an officer or employee of the same corporation or other business entity.

It has been suggested to us that neither man is dis-
qualified by article 4582b from continued service because
the statute speaks of particular qualifications only for
appointment, not for service.

In Attorney General Opinion H-578 (1975) we were asked
whether a member of the Board of Private Investigators and
Private Security Agencies who was statutorily required at the
time of his appointment to represent a certain profession could
continue to serve on the board after he left that profession.
We characterized the question as "whether or not a person meeting
the qualifications for a particular office at the time of his
appointment but later giving up those qualifications neverthe-
less may continue in office."  We think the present question is
essentially the same.

Citing Phagan v. State, 510 S.W.2d 655 (Tex. Civ. App. --
Ft. Worth 1974, writ ref'd n.r.e.), Whitemarsh v. Buckley, 324
S.W.2d 298 (Tex. Civ. App. -- Houston 1959, no writ), and
Attorney General Opinion WW-1387 (1962), we said in H-578:

> Surely, the Legislature, in specifically
> calling for varying qualifications for
> members of [the] Board, intended for
> those qualifications to be represented
> on the Board.  And, following the dictates
> of the Phagan case, when a person no
> longer meets the qualifications for a
> position of the Board, it must be held
> that he loses his right to serve and the
> position is vacated.

We reaffirm that conclusion here.  The Legislature is
empowered to enact provisions as to eligibility for statutory
offices.  Oser v. Cullen, 435 S.W.2d 896 (Tex. Civ. App. --
Houston [1st Dist.] 1969, writ ref'd w.o.j.).  It is plain
that the Legislature wished to prevent Mortician Board domi-
nation by representatives of any single chain of establishments.
If the H-578 rationale did not apply, there would be nothing to
prevent all members of the Board from becoming employees of a
single corporation owning or controlling multiple funeral es-
tablishments.  Cf. Attorney General Opinion H-4 (1973).

You have also asked which member is to be considered dis-
qualified, and whether the Board has any jurisdiction or control
of its own membership as to the disqualification of the members.

In our opinion, the board member who changed his status
suffers the consequences of the change.  At the time he became

an employee of the corporation there was another employee of that corporation already sitting on the Board. The member whose status changed so as to become such an additional representative of that corporation thereby vacated his office. Attorney General Opinion H-578 (1975). See 47 Tex. Jur. 2d Public Officers § 44.

You also ask whether the State Board of Morticians has any jurisdiction or control over the qualifications of its own members. Section 2A of article 4582b authorizes the Governor to remove any Board member "for neglect of duty, incompetence, or fraudulent or dishonest conduct." It requires the Governor to remove any member "whose license to practice funeral directing and/or embalming has been voided, revoked or suspended." No portion of article 4582b, or any other statute, grants to the Board itself any jurisdiction over the qualifications of its members. It is well established that

> an administrative agency . . . has only
> such powers as are expressly granted to
> it by statute together with those neces-
> sarily implied from the authority con-
> ferred or duties imposed.

Stauffer v. City of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961). It is therefore our opinion that the State Board of Morticians has no jurisdiction or control over the qualifications of its own members. See Attorney General Opinion H-226 (1976).

### S U M M A R Y

> A member of the State Board of Morticians
> who changes employment so as to become an
> employee of a corporation that owns and
> operates more than three funeral establish-
> ments and that already employs another mem-
> ber of the Board, vacates his Board member-
> ship by becoming so employed. Qualifications
> for membership on the State Board of Morti-
> cians have been set by the Legislature and
> are not within the control of the Board it-
> self.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst