## JOSEPH P. EHLINGER ET AL. V. JOHN T. RANKIN.

### No. 1099.

1. **Injunction Against Intrusion Upon Office.**—Complainants properly sought by an injunction relief against defendant for intruding upon the office claimed by the plaintiff.

2. **Residence of Officers—Vacation of Office.**—Article 16, section 14, of the Constitution, is, "All civil officers shall reside within the State, and all district or county officers within their district or counties, and shall keep their offices at such places as may be required by law; and failing to comply with this condition, shall vacate the office so held." This provision, in so far as it relates to the place of residence of the several State, district, and county officers, is self-acting and requires no legislative action to put it into force.

3. **Removal of Officer from District.**—If a county officer removes from the county and establishes a residence elsewhere, he thereby vacates the office held by him.

4. **Same—Appointment to Vacancy.**—If as a fact a vacancy occurs, and the Commissioners Court has the exclusive power to fill the vacancy, the jurisdiction to make the appointment arises from the fact that a vacancy exists.

5. **Case in Judgment.**—Rankin, holding the office of county clerk of Fayette County, moved to Travis County. The Commissioners Court of Fayette County appointed Ehlinger to the office, and Ehlinger took possession. Rankin, by injunction suit, sought to regain possession of the office. Ehlinger pleaded that Rankin had abandoned the county and vacated the office, and that defendant had been appointed to the vacancy by the County Commissioners. *Held,* that the plea was good.

APPEAL from Bastrop. Tried below before Hon. LAFAYETTE KIRK.

This suit was originally brought in Fayette County. Injunction was issued. The venue was changed, on motion of complainant. The facts are given in the opinion.

*Phelps & Wilbrich, Fowler & Maynard,* and *L. W. Moore,* for appellants.—1. Whenever a petition for a writ of injunction fails to show sufficient equitable grounds for its issuance, or whenever it can be seen from the petition that the petitioner has an adequate remedy at law, then the writ should not be granted. Duck v. Peeler, 74 Texas, 268; High on Injunc., secs. 8, 30, 31.

2. Joseph P. Ehlinger had the legal right in his answer to set up title in himself to the office in controversy, to sue to recover the fees and perquisites of said office, which he was prevented from receiving and enjoying by reason of the acts of relator. If he could establish a

legal right to said office, then he had a right to receive damages from relator as prayed for, and to have the injunction dissolved. Chowning v. Boger, 2 Ct. App. C. C., sec. 754; Sayles' Texas Prac., sec. 33.

3. The acts of the Commissioners Court of Fayette County in declaring such vacancy to exist, and in appointing Joseph P. Ehlinger clerk of the County Court of said county, were legal, and said Commissioners Court had the power and authority to declare the existence of said vacancy, and to fill the same. Const. 1876, art. 16, sec. 14; Biencourt v. Parker, 27 Texas, 559; The State v. Brinkerhoff, 66 Texas, 45; Trigg v. State, 49 Texas, 643–645.

*Jones & Garwood* and *Brown, Lane & Jackson,* for appellee.—The acts of the Commissioners Court of Fayette County in attempting to remove Rankin from office, in declaring his office vacant, and in attempting to appoint Joseph P. Ehlinger clerk of the County Court of said county were unauthorized, illegal, null, void, without jurisdiction, and presumptuous. The power to remove county clerks rests only with the District Courts, and then upon trial by jury. Railway v. Randolph, 24 Texas, 332; Lindsey v. Luckett, 20 Texas, 520; Const. 1876, sec. 24, art. 6; Flatan v. The State, 56 Texas, 100; The State v. Harrison, 16 N. E. Rep., 384.

FISHER, CHIEF JUSTICE.—This is in effect a suit by appellee, Rankin, against appellants, Ehlinger and others, for the office of clerk of the County Court of Fayette County, wherein he alleges, that he is the legally elected and qualified county clerk of said county, and by virtue of his office is entitled to the fees and emoluments of the office, and to the control and management thereof; also, that the appellants have usurped his official functions and have taken possession of said office, and are withholding possession thereof from the appellee, and are collecting and about to collect the fees and emoluments thereof, etc., and the appellee asks for an injunction restraining the appellants in the exercise of their pretended legal functions, and from interfering with him in the right to control and manage the affairs of the office.

The appellant Ehlinger, in the main, as a defense to this action, sets up the fact that appellee, Rankin, although duly elected and qualified as county clerk, did abandon and vacate said office by removing from the county of Fayette to Travis County, Texas, and that by such removal he had vacated the office, and such fact was so declared by an order of the Commissioners Court, which court duly and legally appointed Ehlinger to fill said vacancy.

The court below sustained demurrers to this answer, and thereupon rendered judgment in favor of Rankin, and also enjoined Ehlinger and the other defendants from interfering with the right of Rankin to the office.

There was no error in the ruling of the court in so far as it held that injunction was a proper remedy in cases of this character, and the

principal question that we deal with is the action of the court in sustaining the demurrer to appellants' answer setting up title to the office by virtue of the appointment by the Commissioners Court.

The appellee contends, that the judgment of the trial court in sustaining the demurrer to the answer in this respect can be sustained by virtue of section 24, article 5, of the present Constitution, and that the Commissioners Court had no authority to declare the office of county clerk vacant and to appoint appellant Ehlinger, because the question is one judicial in character, and the Commissioners Court is not by law vested with any authority or jurisdiction to pass upon such questions, but the exclusive jurisdiction is conferred upon the District Court by virtue of the section of the Constitution just mentioned. This section provides that the District Courts, or the judges thereof, may remove certain officers for official misconduct, habitual drunkenness, and for other causes, etc.

The power of the District Court under this provision of the Constitution undoubtedly exists to remove certain officers from their offices, and in their decree to declare that the vacancy exists. But the main question is, is the power herein conferred exclusive, and if as a fact a vacancy does exist, does it require a judgment of the District Court declaring this fact, before the Commissioners Court would be authorized to fill the vacancy by the appointment of some suitable person? The law requires, that if a vacancy exists in the office of county clerk, the Commissioners Court shall appoint some suitable person to fill it, and about the power of the court in this respect there is no question.

Section 14, article 16, of the present Constitution reads as follows: "All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held." This provision of the Constitution, in so far as it relates to the place of residence of the several State, district, and county officers, is self-enacting, and requires no legislative action to put it into force and effect.

The provision of the Constitution is express in declaring that county officers shall reside within their counties. This provision evidently means, that the county mentioned is the county in which the officer was elected. Then follows the declaration, in effect, that the failure to so reside in said county shall vacate the office. The Constitution is express upon this point. It declares, in effect, that failure to comply with its terms with reference to residence will bring about a vacancy in the office. If an officer removes from the county and establishes a residence elsewhere, this is a fact that, by reason of the provision of the Constitution quoted, vacates the office to which he was elected and to which he has qualified. If the removal exists, and it is permanent in character, the Constitution declares that a vacancy occurs. If as a fact a vacancy has occurred, from whatever cause it may arise, the Commissioners Court of the county have the exclusive power to fill it

by the appointment of some suitable person until the next general election. The fact that gives the Commissioners Court the jurisdiction to exercise this appointing power is that a vacancy exists, and if this is true, as a matter of fact, it becomes their duty to exercise this jurisdiction in furtherance of the public interest. The Commissioners Court have not the authority to judicially determine a right of one to an office or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the District Court, but if as a fact a vacancy does exist, then it becomes the duty of the Commissioners Court to fill it.

The answer in this case that sets up the judgment of the Commissioners Court declaring that the appellee had vacated his office, presents no valid or legal defense, as that court had no jurisdiction to adjudicate this question, except in so far as it may have been necessary to go into this fact in order for the court to satisfy itself that a circumstance arose that authorized or required it to appoint an officer to an office they were required to fill if a vacancy in fact existed. But the answer, in averring the fact that the appellee had removed from the county of Fayette and had thereby vacated his office, and that the court upon that fact had legally appointed the appellant Ehlinger, and that he had duly qualified as such appointee, presented an issue of fact, if true, which would have authorized the court to appoint him to the office, and which would authorize him to retain and hold it against the claims of appellee. The action of the Commissioners Court in appointing the appellant is to be determined by the then existing facts, and if they show that the appellee had permanently removed from the county, then a vacancy resulted, and the court had authority to fill it by the appointment of Ehlinger. The answer in this respect presented an issue of fact, and the question to be determined from these averments is, had the appellee removed from the county? If this was true, a vacancy in the office resulted by virtue of the section of the Constitution discussed, and it became the duty of the Commissioners Court to fill the vacancy. The question of vacancy in the main is one of fact, as arises under this provision of the Constitution, and if this exists as a fact, appellee, Rankin, shows no right to the office.

The court erred in sustaining the demurrer to so much of the answer as presents the issue just discussed, and for this reason the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 30, 1895.