LEFEVRE v. BELSTERLING et al.[†]

(Court of Civil Appeals of Texas. Dallas. May 27, 1911. Rehearing Denied May 30, 1911.)

INJUNCTION (§ 81*)—OFFICERS—REMOVAL.

The superintendent of the public schools of a city, holding office for a specified term to which is attached a salary not due, is entitled to restrain persons usurping the office of board of education from removing him from his office or interfering with him in the discharge of his office.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 152; Dec. Dig. § 81.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Arthur Lefevre against E. A. Belsterling and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Meador, Davis & Senter and A. B. Flanary, for appellant. J. J. Collins, Lee Richardson, and H. P. Lawther, for appellees.

BOOKHOUT, J. The plaintiff, Arthur Lefevre, sues in this action for a writ of mandatory injunction against the defendants, E. A. Belsterling, J. D. Carter, Frank Gilbert, W. A. Goode, J. B. McCraw, and M. A. Turner, to enjoin them from acting, or pretending to act, as members of the board of education of the city of Dallas, Tex., upon the following grounds:

(1) That plaintiff is the lawfully chosen superintendent of the public schools of said city of Dallas, serving for the term beginning on the 1st day of July, 1909, and ending on the 30th day of June, 1911, or when his successor shall be lawfully elected and qualified.

(2) That the management of the public schools of said city of Dallas is vested in said board of education, and, under the law, the plaintiff is the executive officer of said board, and is required to act under its advice and supervision in the management of said public schools.

(3) That on the 10th day of April, 1911, the defendants, without any lawful authority so to do, assumed and pretended to take control of the public schools of said city of Dallas, and to exercise all authority over said schools which is vested by law in the board of education of said city, and usurped the authority of the lawfully constituted board of education of said city. That by

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error granted by Supreme Court.

force and violence they have taken control of the properties and moneys belonging to the public school funds of said city of Dallas, and are about to make disbursements of said funds without any lawful authority so to do. That they have unlawfully assumed and are exercising control over all the employés of the city of Dallas serving in the public schools of said city, and are claiming the power and authority to discharge each and all of said employés, in violation of plaintiff's rights and legal authority with respect thereto. That the defendants, and each of them, are demanding and insisting that plaintiff shall recognise and deal with them as the lawfully constituted board of education of said city, and shall abide by their instructions and requirements, and shall direct the public schools of said city in accordance therewith, as though they were in fact said duly constituted board, under penalty of being forcibly ejected from his said office if he shall refuse so to do. That by the use of coercion they have caused and procured the employés and teachers in the public schools, subordinate to plaintiff, to disregard his just authority as executive officer of the true and lawful board of education, and to substitute for it their own unlawful control. That said course and conduct on the part of defendants, and each of them, materially and seriously interferes with the performance of plaintiff's official duties, and renders it impossible for him to properly discharge the same as long as said conduct on the part of defendants shall be unrestrained, and that said conduct is destructive of discipline and organization in said public schools. That, unless restrained by decree of court, the defendants, claiming to act as the board of education of said city, will, unless plaintiff shall acquiesce in their unlawful claims and pretensions, and thereby violate his own official duty as superintendent, unlawfully eject the plaintiff from his said office as superintendent of the public schools of said city, and thereby deprive him of the salary lawfully accruing to him under and by virtue of his election to said office. That the salary yet due and unpaid for the remainder of the term for which he was elected is $900.

(4) That the lawfully constituted board of education of said city of Dallas is composed of C. C. Lane, president, L. E. Wright, John W. George, J. C. Mann, H. D. Ardrey, Shearon Bonner, and Arthur L. Kramer, residents of said city. That said persons were exercising the functions of said board of education until their authority, rights, and powers were unlawfully usurped by the defendants.

(5) That the claims and pretensions of defendants, and their exercise and attempted exercise of the powers and duties of the board of education of said city, are based upon what is known as a recall election held in the city of Dallas on the 4th day of April, 1911, in accordance with the provisions of article 9 of the city charter of said city (Sp.

Laws 1907, c. 71). That it was attempted therein to hold an election to choose successors to the lawfully constituted board of education of said city. That, after the holding of said election, the board of commissioners of said city declared the defendants elected thereat as members of said board of education.

(6) The petition of the plaintiff declares that said recall election was held in accordance with the provisions of article 9 of the city charter of Dallas, and admits that if said provision of the charter is constitutional and valid, and is applicable to the office of school trustee, that the defendants are legally exercising the powers claimed by them and complained of in plaintiff's petition.

The relief prayed for is that defendants be enjoined from acting and pretending to act as the board of education of said city, and as members thereof, and from exercising and pretending to exercise control over the public schools of the city of Dallas, and from interfering with or molesting in any way the plaintiff in the exercise of his rightful authority as superintendent of the public schools of said city, and to desist from receiving and disbursing the funds belonging to the public schools of said city, and from discharging or attempting to discharge any of the teachers, or other employés of said public schools, and from exercising and attempting to exercise any right, privilege, authority, or power in any way appertaining to the office of said board of education, or a member thereof, and for general and special relief.

The answer of the defendants consisted of a general demurrer, special exceptions, and a denial of interference with complainant in the discharge of his official duties.

The court below, upon a hearing of the application for injunction, held that the material issue was the validity of the provision of the city charter of Dallas authorizing a recall election, and sustained the general demurrer of the defendants and denied the injunction prayed for. An appeal was duly taken from this judgment of the court.

It is argued by appellees that the plaintiff has no such interest in the subject-matter of the controversy as entitles him to an injunction against the defendants; that he is merely an employé, and not an officer; and that the title of the defendants to the offices of members of said board of education can only be inquired into in a quo warranto proceeding. We do not concur in this contention. The allegations, in substance, are: That appellant is superintendent of the public schools in the city of Dallas; his term of office not expiring until the 30th day of June, 1911, to which office is attached a salary, $900 of which is not yet due. That by the charter of the city the public schools are placed under the management of the board of education. That the defendants, claiming to be members of said board, but who are not le-

gal members, and who have usurped said office, but who claim to be members through an election held under an unconstitutional law, are claiming the power and authority and are about to eject him from said office. He prays for an injunction restraining defendants from removing him from his office and interfering or molesting him in any, way. These allegations were sufficient to authorize the writ of injunction. Ehlinger v. Rankin, 9 Tex. Civ. App. 424, 29 S. W. 240; Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 328.

This is a companion case to the case of Bonner v. Belsterling et al., 137 S. W. 1154, this day decided by this court, wherein we held the recall provision of the charter of the city of Dallas valid and sustained an election held thereunder removing a member of the board of education and electing his successor. The same contentions as to the validity of the recall provisions of the charter are made in this case as were made in that, and, for the reasons stated in the opinion in the Bonner Case, they are overruled.

The judgment, therefore, is affirmed.