

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Opinion No. O-4663
Re: Whether or not a person must
continue to reside in an in-
dependent school district to
serve legally as tax assessor-
collector as well as secretary
of said district.

Dear Sir:

We have received and considered your request
for an opinion from this department. We quote from your re-
quest:

"This office will appreciate an
opinion from your Department at your earliest
convenience upon the following question, to-
wit:

"Can a person who has been appointed
as Tax Assessor & Collector for an Independent
School District, with pay; and has also been
appointed to serve as Secretary for the same
Independent School District, without pay; take
up residence outside of said Independent School
District for which he is serving and still con-
tinue to serve legally, both as Tax Assessor &
Collector and as Secretary to the said Inde-
pendent School District, both of these appoint-
ments having been made by the said Independent
School District?"

Article 2779 of Vernon's Civil Statutes of
Texas provides:

"Said trustees shall meet within twenty
days after the election, or as soon thereafter
as possible, for the purpose of organizing. A
majority of said board shall constitute a quorum

to do business. They shall choose from their number a president, and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees."

Article 2780 of Vernon's Civil Statutes of Texas provides:

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees by articles 3995, 4013 and 4032, Revised Statutes of 1895, or other statutes, general and special, except such cities as are exempted by this title, shall be vested in said board of trustees and their successors in office; and successors in office; and their claims shall apply to any action or suit which may arise to which said board is a party."

Article 2791 of Vernon's Civil Statutes of Texas provides for the official duties to be performed by the district tax assessor and collector, fixes his compensation and likewise provides for an official bond for said officer.

Article XVI, Section 14 of the Texas Constitution provides:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Article VII, Section 3 of the Texas Constitution authorizes the Legislature to create school districts by general laws.

"Office" embraces the ideas of tenure, duration, emolument and duties. Among the criteria for determining whether an employment is a public office are the following:

the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers intrusted are conferred by law and not by contract; and the fixing of the duration or term of office. It is the duty pertaining to the office and the nature of that duty, and not the extent of authority which make the incumbent an officer; and one is none the less an officer because his authority is confined to narrow limits. 34 Tex. Jur. Sec. 2, p. 323.

In the case of Pruitt v. Glen Rose Independent School District No. 1, (Comm. App.) 84 S.W.(2) 1004, it was held that the office of tax collector for an independent school district was one of emolument within the scope of Article 16, Sec. 40 of the Texas Constitution.

In the case of Hodgkins, et al v. Sansom, et al, (Civ.App.) 135 S.W. (2) 759, error dismissed, correct judgment, the court held that Article 16, Sec. 14 of the Texas Constitution did not apply to a resident citizen of an independent school district, duly elected as trustee, who, shortly after his election, moved into a rented house, after his own home, located in the district, had burned, without knowing that the new rented home was just a short distance outside of the boundaries of the school district and where he intended to rebuild on his old home-site as soon as he became financially able. Although the Court did not expressly say that a trustee of an independent school district was within the scope of Article 16, Sec.14 of the Texas Constitution, we believe, from what the Court did say, that under proper facts it would have so held.

From a consideration of the foregoing authorities and in view of the duties imposed upon the tax assessor and collector by the statutes referred to above, we think that it is clear that a person appointed to that office is such an officer as comes within the scope of Article XVI, Section 14 of the Texas Constitution. Said Constitutional provision has been said to be self-enacting and that an office is vacated by non-compliance with its provisions. Ehlinger v. Rankin, 9 C.A. 424, 29 S.W. 240.

You are advised in answer to your question that the tax assessor and collector of taxes of an independent school district must reside within the district and that a

failure to comply with that condition shall constitute a vacation of the office.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Harold McCracken
         Assistant

HMc:nw:bt

APPROVED July 17, 1942
Gerald C. Mann
Attorney General of Texas

APPROVED OPINION COMMITTEE
By BWB, Chairman