Robert B. PRINCE et al., Appellants,

v.

Floyd INMAN, Appellee.

No. 5062.

Court of Civil Appeals of Texas.

Beaumont.

May 26, 1955.

Rehearing Denied June 15, 1955.

John T. Lindsey, Port Arthur, W. C. Lindsey, Port Neches, for appellants.

Clyde E. Smith, Jr., Woodville, for appellee.

R. L. MURRAY, Chief Justice.

The appellants Price et al. sued Inman, the appellee, seeking to enjoin him from acting as a member of the Board of Trustees of Warren Independent School District, in Tyler County. The District Court of Tyler County granted a temporary restraining order and after a trial dissolved such order and refused the application by appellants for a writ of injunction. The appellants have duly perfected their appeal from such judgment of the District Court.

The appellants are all duly elected and qualified members of the Board of Trustees of the Warren Independent School District. The appellee was a duly elected and qualified member of said Board of Trustees, having been elected to that position in April, 1954.

On August 16, 1954 Inman sold his home in Warren and with his wife and two children moved to Nacogdoches County where he took employment as a salesman for the Phelan Company, a wholesale grocery concern. His employment there began August 15th. His family did not go with him at that time but came later. He stayed there about 32 or 33 days and then moved with his family back to Warren in Tyler County. The appellants say that when he sold his home and took his family to Nacogdoches County, lived in a rented house and entered his children in school, he had ceased to reside in Tyler County and thus vacated the office of a member of the Board of School Trustees. They say that he believes himself to be a member of the Board and attempts to attend meetings of the Board and if not restrained or enjoined will in that way interfere with the lawful members of the Board in their duties and will try to act as a Board member when he has in fact vacated that office.

The appellee on the other hand testified that he at no time permanently changed his residence from Tyler County to Nacogdoches County, but took the position with Phelan Company in Nacogdoches purely on a trial basis, intending at the time that he went to Nacogdoches to return to Warren, in the School District, if the job in Nacogdoches did not prove satisfactory to him. In corroboration of this intent on his part, that his move was temporary in the event the job in Nacogdoches proved unsatisfactory, he shows by other evidence that his employer in Warren, who was his father-in-law, did not hire a replacement for him while he was away but kept his position open for him in case he should desire to return to Warren. He did not tell the Phelan Company that if he was not satisfied with the job he would return to Warren. He also showed by other evidence that he had expressed this intent to several people in Warren to return to Warren if not satisfied in Nacogdoches. He left part of his furniture stored in Warren when he left. In Nacogdoches, when he was trying to rent a home for his family, he was requested to sign a long term lease but refused to do so, saying that "he might not be there a week, that he was wanting to test his job."

Mr. Withers, Chairman of the Board of Trustees, testified that Mr. Inman, the appellee, was asked by him what he was going to do about his position on the Board, and he said, "I am not going to resign because this is an approval job and I may come back."

The trial was to the court without a jury and the trial court filed the following findings of fact:

"Findings of Fact

"No. 2—That the defendant, Floyd Inman, is one of the duly elected and qualified Trustees of said school district, having been elected by popular vote at a regular election in April, 1954, and qualified immediately thereafter as required by law and plaintiffs admit the truth of this finding.

"No. 3—I find that in August, 1954, the defendant temporarily left the District in the Warren, Texas, Tyler County area and went to Nacogdoches County for the purpose of trying out a job, but that he had

no intention of vacating or abandoning his office as Trustee.

"No. 4—I find that the defendant did sell his house located within said district, but refused to buy a place in Nacogdoches because he did not intend to change his legal residence and domicile unless the employment which he was trying out on a trial basis proved unsatisfactory.

"No. 5—I find that defendant's stay in Nacogdoches was only temporary and that he did not accept the employment, but returned to Warren, Tyler County, Texas, within 32 days, where he has continued to live.

"No. 6—I find that the defendant did not at any time resign from or vacate the office of Trustee. He made every effort to perform his duties as such officer, but was prevented by plaintiffs from attending Board meetings after his return.

"No. 7—I find that under all the facts in this case including the fact that he did not resign as Worthy Patron of the Order of the Eastern Star, and that his former employer, Archie Spurlock, held the defendant's job open for him awaiting his return, and the fact that Spurlock refused to hire a man to take his place because he knew Inman was in Nacogdoches on a trial basis, that the defendant had formed no intention to make Nacogdoches his permanent residence, and that his temporary absence from Tyler County did not change his legal residence and domicile, and that he is and has been at all times involved herein a duly qualified and acting trustee of said school district and is entitled to all the rights and privileges of the office which he legally holds.

"No. 9—I find that the defendant did not sell his household furniture, but stored a part of it at the home of his father-in-law, Archie Spurlock, in Warren, and I further find that he stored the furniture because of the temporary status of his stay in Nacogdoches."

The appellants' only point on appeal is that the trial court erred in making the finding of fact that appellee had formed no intention to make Nacogdoches his permanent residence, and that his temporary absence from Tyler County did not change his legal residence and domicile, and that the court's conclusion of law predicated on said finding of fact that appellee Inman is a qualified school trustee of the Warren Independent School District, are both contrary to the overwhelming weight and preponderance of the evidence and the law applicable thereto, so as to be clearly wrong and unjust, and to constitute an abuse of his discretion.

It appears to be well settled that a school trustee of an independent school district is a county officer. Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120; Miller v. Coffee, Tex.Civ.App., 17 S.W.2d 1100; Lamb v. State, Tex.Civ.App., 267 S.W.2d 285. As such officers, school board trustees are required by Article 16, § 14 of Vernon's Ann.St. Constitution of Texas to reside within the school district.

Failure to reside in the district serves to create a vacancy in the office. The Constitutional Article is held to be self-enacting and when such facts exist the office becomes vacant. "If an officer removes from the county, and establishes a residence elsewhere, this is a fact that, by reason of the provision of the constitution quoted, vacates the office." Ehlinger v. Rankin, 9 Tex.Civ.App. 424, 29 S.W. 240, 241; Sealy v. Scott, Tex.Civ.App., 11 S.W.2d 605; Hodgkins v. Sansom, Tex. Civ.App., 135 S.W.2d 759.

The question for decision then is whether Mr. Inman, in selling his home in Warren and moving his family with him to Nacogdoches with the established intent to return to Warren in the event the job in Nacogdoches proved unsatisfactory to him, has vacated his office as school trustee, whether he intended to do so or not. We believe he has.

The related words "reside" and "residence" have been held to have many and varied meanings. Their definition,

commonly used in a statute; depends on the legislative purpose as well as the context and must be construed in accordance therewith. Residence has been defined to be a place where a person's habitation is fixed, without any present intention of removing therefrom. It is lost by leaving the place where one has acquired a permanent home and removes to another place without any present intention to return to the former place of residence. The term is an elastic one and difficult of precise definition. Its meaning is dependent upon circumstances then surrounding the person, upon the character of the work to be performed, upon whether he has a family or a home in another place, and largely upon his present intentions. When, however, a person voluntarily takes up his abode in a given place, with the intention to remain permanently, or for an indefinite period of time, or to speak more accurately, when a person takes up his abode in a given place, without any present intention to remove therefrom, such place of abode becomes his residence or home. Owens v. Stovall, Tex. Civ.App., 64 S.W.2d 360, quoting from Warren v. Thomaston, 43 Me. 406, 69 Am.Dec. 69. In the case of Major v. Loy, 155 S.W.2d 617, 622, the Eastland Court of Civil Appeals had under consideration the question of residence as a qualification for voting. Persons whose status was under examination, one Nixon and wife, had had a home in the district but in the year of 1940 they sold their home and moved outside the district where they occupied rented premises; he did not desire to live outside of the district and forthwith began seeking another place of abode in the district, intending to return as soon as he could find another place of abode in the district. At the time he voted in the election Nixon had completed his trade and was negotiating with the consent of another for the preparation of moving back into the district. The court said "as a matter of law, that the former home had been abandoned. Nixon and wife had moved out of the district, which is to say, they had acquired a residence, whether permanent or temporary—it matters not—outside the Elmont District. At the time of the election they were not residing in the school district permanently or temporarily. At most, there was an intention to become residents of the district and even that subject to contingencies. At the time of the election there was no lot or tract of land in the school district to which the homestead exemption could attach in their favor. A homestead cannot be acquired by intention alone. It is just as certainly true, we think, that a permanent place of residence cannot be acquired by intention alone, since after all, a home is a permanent place of residence. The situation is not at all analogous to that which would have been presented had the Nixons not sold their home, but had moved, as they did, to Van Alstyne and occupied rented premises, as they did. In that case, intention or not to abandon the home—permanent place of residence—would have been material. Selling a home and moving from it is an abandonment, as a matter of law. Intention alone to acquire another is, in advance of any character of actual residence, use or preparation, wholly immaterial and ineffective."

It appears then that when the appellee Inman took up a residence, either temporary or permanent, in Nacogdoches County with his wife and children living with him and in rented premises, with no present intention then formed in his mind to return to Warren, he became a resident of Nacogdoches County and he vacated his office as a member of the Board of School Trustees of the Warren Independent School District in Tyler County. His intention to move back to Warren if his job in Nacogdoches County proved unsatisfactory does not have any significance, since it was not a fixed intention, not a formed or present intent to return to Warren, but was at most an intent subject to a future contingency. We believe, therefore, that the appellants' first point must be sustained, that the trial court was in error in concluding that Inman had not vacated his office.

The appellee has a series of cross points 1, 2 and 3, by which he contends that

even if there was an erroneous conclusion by the trial court that the appellee had not vacated his office, then in any event the appellants were not entitled to the writ of injunction prayed for. He says that the appellants had no justiciable interest which would enable them to bring the suit in their own names and the question as to Inman's vacating his office could be raised only by quo warranto proceedings, brought by the State through a proper official of the State of Texas. The appellee raised these points in the trial court by special exceptions to the petition of the appellants, which were overruled by the trial court. We have given this matter careful consideration, since ordinarily a quo warranto proceeding is the proper remedy for attacking the right of a person to hold an office. However, under the facts in this case the appellants do not challenge the appellee's election and qualification to the office of school trustee. They say that he was lawfully elected and qualified but that now, because of the fact of his moving his residence out of the school district, the office is vacant, that he is no longer a trustee and that the court could properly protect them from interference by appellee in the affairs of the school board by injunction. On the authority of Sealy v. Scott, 11 S.W.2d 605, we hold that the trial court was correct in overruling the special exceptions of the appellee and that a writ of injunction was a proper remedy in behalf of the appellants in this case. The quo warranto proceeding was not the only remedy available to appellants. There is no authority in Texas directly in point but the case of Sealy v. Scott, supra, appears to be similar in many respects to the case before us. The Supreme Court of Georgia, in Cummings v. Robinson, 194 Ga. 336, 21 S.E.2d 627, in a proceeding very similar to this one, held that a quo warranto proceeding was not the only remedy available to complainants in a situation very similar to that in the present case, and held that an injunction was proper to prevent the confusion and interference of the defendant in attempting to serve as a member of the board, after he had vacated the office.

On the findings of fact made by the trial court, we think it is necessary that the judgment be reversed and that judgment be rendered here which the trial court should have rendered, that is, that the appellee be enjoined from attempting to act in capacity of a member of the Board of Trustees for the Warren Independent School District in Tyler County, and it is so ordered.

Reversed and rendered.