**TOWN OF SUNNYVALE, Texas,**
Appellant,

v.

**DALLAS COUNTY BOARD OF SCHOOL TRUSTEES et al., Appellees.**

No. 14997.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1955.

Wm. Andress, Jr., Dallas, for appellant.

Ernest F. Kucera, Henry Wade, Criminal Dist. Atty., Julien C. Hyer and J. J. Fagan, Asst. Dist. Attys., Dallas, for appellees.

CRAMER, Justice.

This is an appeal under Rule 385, Texas Rules of Civil Procedure, from the denial of a temporary injunction. The facts were not in dispute. Appellant is a town duly incorporated under Ch. 11, Title 28, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1133 et seq.; its incorporation having been validated by Ch. 177, p. 492, Acts 53rd Leg.,

1953, Vernon's Ann.Civ.St. art. 966c. The Town of Sunnyvale boundaries were thereafter duly extended, under authority of Art. 1139, R.C.S., by an annexation ordinance after petition of a majority of the inhabitants in the territory to be annexed (See Note [1]). On Nov. 21, 1953, by a vote of 47 to 5, Sunnyvale assumed and took exclusive control of the public free schools within its limits under Art. 2768, R.C.S., and Sec. 10, Art. 11, of the Texas Constitution, Vernon's Ann.St. effective Dec. 31; 1953. Thereafter the County Board of School Trustees adjusted the bonded indebtedness of such District and duly defined the new boundaries of the Mesquite and Sunnyvale Districts. On August 9, 1954 the Board of Trustees of the Mesquite District entered an order consenting to the annexation of such part of the Sunnyvale District.

On Sept. 9, 1954 the citizens in the territory involved petitioned the County School Board of Trustees to transfer such tract or territory from the Sunnyvale District and attach same to the Mesquite District. On Nov. 4, 1954 the County Board of School Trustees passed the matter, as well as a protest, to January 13, 1955. Thereafter on the same day a majority of the qualified voters of the detached area involved petitioned the County Board to take from the Sunnyvale District some 623.53 acres and add same to the Mesquite District,—to which the Mesquite District had consented. On the same day (Jan. 13, 1955) the County Board detached such area from Sunnyvale District and annexed it to Mesquite District.

This action was filed Jan. 21, 1955, and after a hearing the trial court entered the judgment here appealed from. Appellant states the "Question for Review," as follows: "When the citizens of the Town of Sunnyvale have expressed their fundamental sovereign will to take exclusive control of the schools within the boundaries of the municipal school district identical with the Town, the County Board of School

1. The residents of the District, outside the territory proposed to be annexed to the Mesquite District, did not, and of course

under the proceedings had, were not given the opportunity to vote at such election.

Trustees has no power or jurisdiction to contravene that sovereign will as expressed at an election by removing and transferring a portion of the municipal district, over its protest." Appellee County Board counters as follows: "The validity of an extension of territory of a city or school district can only be attacked by direct suit in the nature of quo warranto by the State or by a proceeding in which the State is a party, and the County Board of Trustees being possessed of power to annex specific territory by compliance with the statutory provisions in reference thereto did not render its act void so as to subject same to collateral attack."

Art. 11, sec. 10, of our Constitution provides that "The Legislature may constitute any city or town a separate and independent school district. * * *" Art. 2768, R.C.S., provides: "Any city or town in this State may acquire the exclusive control of the public free schools within its limits. Any city or town which has heretofore, under the Act of March 15, 1875, or any subsequent law, assumed control of the public free schools within its limits, and has continued to exercise the same until the present time, or any city or town which may hereafter determine so to do by majority vote of the property tax payers of said city or town voting at an election held for that purpose, may have exclusive control of the public free schools within its limits. Acts 1905, p. 263."

Our Supreme Court had theretofore held that Art. 2768, R.C.S., is constitutional. Werner v. City of Galveston, 72 Tex. 22, 7 S.W. 726, 12 S.W. 159.

It has also been held that under Art. 2774(a), where a school district is under municipal control, the trustees of the school board are officers of the City. Bonner v. Belsterling, 104 Tex. 432, 138 S.W. 571, affirming Bonner v. Belsterling, Tex.Civ. App., 137 S.W. 1154, and Lefevre v. Belsterling, Tex.Civ.App., 137 S.W. 1159.

The Attorney General in Opinion No. 07252, dated July 5, 1946, held that in cities having control of their public schools, the City Charter may legally place the authority to purchase building sites, institute condemnation proceedings, control the proceeds of the sales of bonds issued to construct school buildings, and make contracts for buildings, in the governing body of the City instead of in the trustees of the school district.

The adjudicated cases lead us to the conclusion that a municipal school district which includes all the territory within the limits of a city or town and which meets all the requirements of Art. 2768, R.C.S., cannot be changed insofar as the territory within its city limits is concerned, except by the vote or consent of a majority of the citizens of the town as a whole. In other words, it cannot be changed by the vote of the persons residing only in a portion of the town who seek to disannex such portion from the balance of the municipal school district within the city limits of the town, or by the County Board of School Trustees based on such a vote by only the qualified voters of the territory disannexed.

Under the record, if the trial court had jurisdiction of this proceeding we should sustain appellant's contention in its asserted question for review.

However, appellee Dallas County Board of School Trustees asserts that the question here involved and passed upon above cannot be decided or passed upon in any action other than one in the nature of quo warranto. Such contention is in line with the general rule that the legality of the organization of a school district can only be changed in a quo warranto proceeding. However, there is an exception to the general rule asserted by appellee which is well stated in Mesquite Independent School District v. Gross, 123 Tex. 49, 67 S.W.2d 242, 246, wherein our Supreme Court adopted the opinion of the Commission of appeals which held that: " * * * Since the board acted without color of authority, and without potential jurisdiction, its order was and is utterly void, and subject to collateral attack. * * *"

In our opinion the above holding of the Commission of Appeals is applica-

ble here since we have, as set out above, concluded that the County School Board acted without potential jurisdiction, and attempted to exercise powers not conferred upon it by law. In such cases the proper remedy is injunction, not quo warranto. 34 Tex.Jur., p. 846, and authorities there cited. The counter-point is overruled.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.