

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 5, 1959

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-617

Re: Where an area or community
is now included within the
boundaries of a municipally
controlled independent
school district for school
purposes only, and that
community incorporates into
a city or town, will such
incorporation automatically
affect any rights that the
municipally controlled dis-
trict may have to exercise
and continue jurisdiction
therein for school purposes

Dear Dr. Edgar:                            only?

We quote from your request as follows:

"Factual situation: There is a munici-
pally controlled independent school district.
The city comprising that city controlled in-
dependent school district has on several oc-
casions extended its city boundaries for
school purposes only under Article 2803, so
that the city controlled school district
boundaries extend beyond the boundaries of
the city for city purposes to include con-
siderable area not a part of the city proper.
A community has developed in this area not a
part of the city proper but within the boun-
daries of city controlled school system as
extended for school purposes. Pursuant to
Articles 1133, et seq., V. T. C. S., an elec-
tion has been called to incorporate this com-
munity, to make of it an incorporated city.

"We have need for and would appreciate an opinion from your office on the following question:

"Where an area or community is now included within the boundaries of a municipally controlled independent school district for school purposes only, and that community incorporates into a city or town, will such incorporation automatically affect any rights that the municipally controlled district may have to exercise and continue jurisdiction therein for school purposes only."

It is elementary that school districts may be organized or abolished and the boundaries thereof altered only in accordance with the constitution or statutes.

Section 10 of Article XI of the Texas Constitution provides that:

"The Legislature may constitute any city or town a separate and independent school district. . . ."

Article 2768, Revised Civil Statutes, provides:

"Any city or town in this State may acquire the exclusive control of the public free schools within its limits. Any city or town which has heretofore, under the Act of March 15, 1875, or any subsequent law, assumed control of the public free schools within its limits, and has continued to exercise the same until the present time, or any city or town which may hereafter determine so to do by majority vote of the property tax payers of said city or town voting at an election held for that purpose, may have exclusive control of the public free schools within its limits. Acts 1905, p. 263."

The special nature of a municipal school district is illustrated by the language used by the court in the case of Town of Sunnyvale, Texas v. Dallas County Board of School Trustees, 283 S.W.2d 296 (Civ. App. 1955) as follows:

"The adjudicated cases lead us to the conclusion that a municipal school district which includes all the territory within the limits of a city or town and which meets all the requirements of Art. 2768, R.C.S., cannot be changed insofar as the territory within its city limits is concerned, except by the vote or consent of a majority of the citizens of the town as a whole. In other words, it cannot be changed by the vote of the persons residing only in a portion of the town who seek to disannex such portion from the balance of the municipal school district within the city limits of the town, or by the County Board of School Trustees based on such a vote by only the qualified voters of the territory disannexed.

"Under the record, if the trial court had jurisdiction of this proceeding we should sustain appellant's contention in its asserted question for review."

The incorporation of a city or town pursuant to Articles 1133 et seq, Vernon's Civil Statutes, does not automatically give the municipality so formed control of the schools located within its corporate limits. The mode of organizing municipally controlled school districts as prescribed by Article 2768 is exclusive.

Your question is therefore answered in the negative.

SUMMARY

Where an area or community is now included within the boundaries of a municipally controlled independent school district for school purposes only, and that area or com-

munity incorporates into a city or town, such incorporation will not automatically affect any rights that the municipally controlled district may have to exercise and continue jurisdiction therein for school purposes only.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  Leonard Passmore

Leonard Passmore
Assistant

LP:rm:sd

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Zellner J. Turlington

Robert H. Walls

Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert