

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 20, 1970

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Opinion No. M- 599

Re:   Authority of Sunnyvale Town
      Council to serve as the
      Board of Trustees of the
      municipal Sunnyvale Indepen
      dent School District and to
      forward to the district sta
      school funds while so servi

Dear Dr. Edgar:

In your letter requesting an opinion from this office, you submit the following facts:

"In 1953, Sunnyvale Independent School District was created a municipal school district pursuant to Article 2768, et seq., V.C.S. Town of Sunnyvale v. Dallas County Board of School Trustees, 283 S.W.2d 296. So far as we have been able to ascertain, it has had a school board of seven members; three or two members are elected annually for three year terms. The school board operated its school system (8 grades) until August 18, 1969 when the Town Council of Sunnyvale assumed full operational authority and management of the Sunnyvale Independent School District under a Resolution adopted at a special meeting of the council. . . .

"Our latest information is that the Town Council has been meeting as a school board since last summer. According to the school principal, everything has been peaceful and the school is operating smoothly.

" . . .

"This Agency is concerned as to the authority, if any, of the Sunnyvale Town Council to serve and

to continue to act, as it currently is, in the capacity of a school board for the municipal Sunnyvale Independent School District. . . . Personnel of this Agency have visited town authorities for their reaction with respect thereto. Locally nothing is being done to change the situation; counsel for the town feeling that the town council has full authority as such to act as a school board, in lieu of the elected school board it purported by resolution to depose.

"The time for election of school trustees is fast approaching. If legally the town council may not serve as a school board then perhaps the district should be immediately apprised of the necessity for holding a trustee election to fill those offices which normally will expire in April, 1970."

Other considerations deemed pertinent to the proper disposition of this matter are disclosed by a decision in the case of Town of Sunnyvale v. Dallas County Board of School Trustees, et al., 283 S.W.2d 296 (Tex.Civ.App. 1955, no writ), wherein the Court stated at page 297 the following:

". . . The facts were not in dispute. Appellant is a town duly incorporated under Ch. 11, Title 28, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1133, et seq.; its incorporation having been validated by Ch. 177, p. 492, Acts 53rd Leg., 1953, Vernon's Ann.Civ.St. art. 966c. The Town of Sunnyvale boundaries were thereafter duly extended, under authority of Art. 1139, R.C.S., by an annexation ordinance after petition of a majority of the inhabitants in the territory to be annexed. On Nov. 21, 1953, by a vote of 47 to 5, Sunnyvale assumed and took exclusive control of the public free schools within its limits under Art. 2768, R.C.S., and Sec. 10, Art. 11, of the Texas Constitution, Vernon's Ann.St. effective Dec. 31, 1953. . . ."

The Resolution enacted by the Town Council of Sunnyvale on August 18, 1969, reads, in part:

"NOW THEREFORE, BE IT RESOLVED BY THE TOWN COUNCIL OF THE TOWN OF SUNNYVALE:

"1. That all authority in connection with the school system of the Town of Sunnyvale heretofore delegated to the Board of School Trustees of Sunnyvale Independent School District be and the same is hereby rescinded and terminated, and the entire operation of the Schools within the corporate limits of the Town of Sunnyvale is hereby reposed and placed in the Town Council of the Town of Sunnyvale, and such committees as it may designate to manage, control and operate such schools, effective immediately;

"2. That any and all actions heretofore undertaken by the Board of School Trustees of Sunnyvale Independent School District in connection with the operation of a Ninth Grade for the ensuing scholastic year be and they are hereby vetoed, nullified, and voided;

"3. That all presently existing contracts heretofore made by the said School Board, save and except any obligations undertaken in connection with the operation of the Ninth Grade for the ensuing scholastic year, be and they are hereby adopted and validated by the Town Council of the Town of Sunnyvale, which will be substituted therein for the said School Board;

"4. That the Town Council, acting through the Chairman of its School Committee and such other persons as may be designated, shall immediately take charge of all physical properties and other assets pertaining to the school system, and proceed to operate the Schools up to and including the Eighth Grade for the coming scholastic year;

". . ."

In view of all of the foregoing, you ask the following question:

"If no authority lies in the five member Sunnyvale Town Council to act or serve as the Board of Trustees of the municipal Sunnyvale Independent School District, should this Agency continue to forward to the district state school funds while it is so operated?"

Dr. J. W. Edgar, page 4 (M-599)

H.B. 534, Acts 61st Leg., Regular Session, 1969, enacted the Texas Education Code. The Code became effective on September 1, 1969, and now controls Sunnyvale Independent School District.

Article 2768, Vernon's Civil Statutes, under which the Sunnyvale Independent School District was created, is repealed by Sec. 19.161 of the Texas Education Code on the same subject. However, from a consideration of the general laws now repealed (Articles 2768, 2771, 2774(a), 2772, 2773(a), 2773, V.C.S.), we must conclude that even prior to the enactment of the Texas Education Code the Town Council of Sunnyvale had no authority to enact a resolution purporting to assume the operation and control of the schools of the Sunnyvale Independent School District to the exclusion of the elected Board of Trustees.

Chapter 24 of the Texas Education Code is entitled "Municipal School Districts" and is comprised of Sections 24.01-24.07. Section 24.01 repeals Article 2783c, Vernon's Civil Statutes, on the same subject and provides as follows:

"The term 'municipal school district' includes any independent school district existing under the authority of Article VII, Section 3, or Article XI, Section 10, of the Texas Constitution, which is municipally assumed or controlled; regardless of whether the same is a city or town school district, where the boundaries of the district and the city or town are coterminous, or whether it is an extended independent school district, where the city or town has extended its limits for school purposes only."

Section 24.02 repeals Article 2761a, Vernon's Civil Statutes, on the same subject and provides as follows:

"Municipal school districts, regardless of the manner in which they came into existence and regardless of whether or not the boundaries have been extended for school purposes only, are classified as independent school districts. Once a municipal school district has been established, it shall continue to be an independent school district even though the city or town which assumed or accepted control of the school district abolishes its corporate existence as a municipal corporation. Except as specifically

provided otherwise in this chapter, municipal school districts shall be governed and shall function in compliance with the general law relative to independent school districts as provided in Chapter 23 of this code."

Section 24.03 provides as follows:

"A municipal school district shall be governed in the general administration of its schools by a board of seven trustees, selected as provided in Section 24.04 of this code."

Section 24.04 repeals Article 2774, Vernon's Civil Statutes, on the same subject. The provision of this Section applicable to the Sunnyvale Independent School District reads as follows:

"The trustees of a municipal district are elected as provided in Chapter 23 of this code. . . ."

Section 24.05 which repeals Article 2772, Vernon's Civil Statutes, on the same subject provides as follows:

"(a) The board of trustees of a municipal school district shall have the general powers and duties prescribed in this section.

"(b) The board shall have the exclusive control and management of the schools of the district.

"(c) Title to all houses, land, and other property owned, held, set apart, or in any way dedicated to the use and benefit of the public schools of the city or town, whether acquired before or after the establishment of the municipal school district, shall be vested in the board of trustees and their successors in office, in trust for the use and benefit of the public schools in the city or town.

"(d) The board shall constitute a body corporate and shall have full power to protect the title, possession, and use of all school property within the limits of the municipal school district,

and may bring and maintain suits in law or in equity in any court of competent jurisdiction when necessary to recover the title or possession of any school property adversely held in the district.

"(e) Except where specific provision is made with regard to the conducting of the affairs of a municipal school district, the board of trustees of a municipal school district may exercise any power specifically granted or reasonably implied to the board of trustees of an independent school district."

In view of the plain and unambiguous language of Sections 24.01-25.05 of the Code, the Town of Sunnyvale presently has no authority to take any action by resolution, ordinance or by-law to usurp the responsibility of the Board of Trustees for the exclusive control and management of the schools of the district. Moreover in Thomas, et al. v. Abernathy County Line I.S.D., et al., 290 S.W. 152 (Com.App. 1927) the Court stated at page 153 the following:

"In our opinion the offices of school trustee and alderman are incompatible. . . . 'If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies in many important respects would be subject to direction of the council or aldermen instead of that of the trustees.'"

In accord, Attorney General Opinion No. O-1071 (1939). Consequently, you are advised that the Sunnyvale Town Council is not authorized to act in the capacity of a school board for the Sunnyvale Independent School District.

Chapter 16 of the Education Code contains the provisions of the Foundation School Program. Section 16.01 repeals Article 2922-11, Vernon's Civil Statutes, on the same subject and reads as follows:

"The purpose of the Foundation School Program is to guarantee to each child of school age in Texas the availability of a Minimum Foundation School Program for nine full months of the year and to establish the eligibility requirements for the public school districts of Texas as in connection therewith."

Section 16.02 repeals Article 2922-12, Section 1 on the same subject and reads as follows:

"Appropriations enacted by the legislature for the promotion of the educational opportunities afforded by this state under this Foundation School Program shall be paid in accordance with the requirements and in the manner provided in this chapter."

In relation to the administration of the Foundation School Program, Section 16.79 of the Code, which repeals Article 2922-20, Vernon's Civil Statutes, on the same subject, provides in part, as follows:

"(a) It shall be the duty of the State Board of Education, State Board for Vocational Education, and the state commissioner of education to take such action, require such reports, and make such rules and regulations consistent with the terms of this chapter as may be necessary to carry out its provisions.

". . ."

The provisions of Article 2922-20, Vernon's Civil Statutes, were not materially changed in the Article's codification of Section 16.79 of the Code. In McKinney v. Blankenship, 154 Tex. 632, 282 S.W.2d 691 (1955), the Court held at page 694, the following:

"The duties of the Commissioner of Education to certify the funds to which a school district is entitled and of the State Comptroller to issue and transmit warrants therefor are purely ministerial and mandatory. Article 2922-20, V.A.T.S.; Article 2663, R.C.S.; Austin Independent School Dist. v. Marrs. 121 Tex. 72, 41 S.W.2d 9. The injunction against these parties was properly denied. To this all parties agree.

". . ."

Consequently, under the authority in the holding of McKinney v. Blankenship, supra, it is our opinion that the State Commissioner of Education does not have the discretion under the facts submitted to withhold Foundation School Program funds from the Sunnyvale Independent School District.

# S U M M A R Y

The Town of Sunnyvale has no authority to take any action by resolution, ordinance or by-law to usurp the responsibility of the Board of Trustees for the exclusive control and management of the schools of the district. Consequently, you are advised that the Sunnyvale Town Council is not authorized to act in the capacity of a school board for the Sunnyvale Independent School District.

Under the authority in the holding of McKinney v. Blankenship, supra, it is our opinion that the State Commissioner of Education does not have the discretion under the facts submitted to withhold Foundation School Program funds from the Sunnyvale Independent School District.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
W. O. Shultz
Ray McGregor
John Reeves
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant