OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 31, 1999

The Honorable Mark Piland
Mitchell County Attorney
349 Oak Street, Room 206
Colorado City, Texas 79512

Opinion No. JC-0029

Re: Whether the constitutional residency requirement applies to a deputy county clerk (RQ-1168)

Dear Mr. Piland:

You ask if a deputy county clerk who moves outside of the county where she works becomes ineligible to serve. To answer your question, we must determine whether a deputy county clerk is an officer and subject to article XVI, section 14 of the Texas Constitution, which requires that all district or county officers reside within their districts or counties. *See* TEX. CONST. art. XVI, § 14. We conclude that the constitutional residency requirement does not apply to a deputy county clerk, because a deputy clerk works under the direction of the county clerk and is an employee rather than an officer.

You explain that a deputy county clerk employed by Mitchell County plans to move to another county, but desires to continue her employment as deputy county clerk in Mitchell County. Article XVI, section 14 of the Texas Constitution provides: "All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held." *Id.*; *see also Jordan v. Crudgington*, 231 S.W.2d 641, 646 (Tex. 1950) (constitutional mandate that all county officers shall reside within their counties). The constitutional residency requirement for state, district and county officers is self-enacting and requires no legislative action to put it into force and effect. *See Ehlinger v. Rankin*, 29 S.W. 240, 241 (Tex. Civ. App. 1895, no writ). Failure to comply with its terms creates a vacancy in the office. *Id.*

The answer to the question you ask depends on whether the deputy county clerk is a "district or county officer." Texas law distinguishes between an "officer" and an "employee." This office applies the test articulated in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), to ascertain whether a person is a public officer or an employee. Under *Aldine*, one's status as an officer is determined by "'whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.*'" *Aldine*, 280 S.W.2d at 583 (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740

(Tex. Civ. App.–Galveston 1949, writ ref'd)) (emphasis supplied by the court in *Aldine*); Tex. Att'y Gen. Op. No. DM-212 (1993) at 2. "In more recent decisions, both the Texas Supreme Court and the courts of appeals have further emphasized that an office involves not only the authority to perform certain sovereign functions, but also the authority to perform these functions largely independent of the control of others. In other words, individuals who perform sovereign functions under the direction of another are not officers." Tex. Att'y Gen. Op. No. DM-212 (1993) at 3 (citing *Green v. Stewart*, 516 S.W.2d 133, 136 (Tex. 1974) and *Harris County v. Schoenbacher*, 594 S.W.2d 106, 111 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.)). *See also Powell v. State*, 898 S.W.2d 821, 825 (Tex. Crim. App. 1995) (en banc) (applying *Aldine* test to determine that assistant district attorney is not public officer).

Section 82.005(c) of the Local Government Code provides that a deputy county clerk acts in the name of the county clerk. *See* TEX. LOCAL GOV'T CODE ANN. § 82.005(c) (Vernon 1988). A deputy county clerk does not perform sovereign functions of the government largely independent of the control of others. Rather, a deputy county clerk performs functions solely at the direction and under the control of the county clerk. We conclude that a deputy county clerk is an employee, *see* Tex. Att'y Gen. Op. Nos. JM-1083 (1989) at 2 (chief deputy of a county tax assessor collector does not hold an office), MW-415 (1981) at 1 (deputy county clerk exercises power in the name of appointing officer and not in own right), H-1144 (1978) at 2 (stating that *Green*, 516 S.W.2d at 136, provides strong implication that the Texas Supreme Court would hold deputy county clerks to constitute employees); Tex. Att'y Gen. LO-96-148, at 2 (assistant district attorney does not hold an office), and is not subject to the residency requirement of article XVI, section 14 of the Texas Constitution. Accordingly, a deputy county clerk who moves out of the county may continue to serve in that capacity.

## S U M M A R Y

A deputy county clerk is an employee, not an officer, and therefore is not subject to the residency requirement of article XVI, section 14 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General